UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAURICE CEASAR | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :        Case No.        08-350RJL |
| | : |
| PAUL ROSSTEAD, | : |
| | : |
| Defendant. | : |
| _____ | : |

### ROSEBORO NOTICE

PLEASE TAKE NOTICE that you are entitled to file a response opposing Paul Rosstead's Rule 12 Motion to Dismiss and Strike in the above-captioned case, a copy of which is attached hereto as Exhibit A.  Any such response must be filed within eleven (11) days (plus three additional days for service by mailing) of the date of this Notice with the Clerk of the Court as follows:

> Nancy Mayer-Whittington, Clerk
> U.S. District Court for the District of Columbia
> 333 Constitution Avenue, N.W.
> Washington, D.C. 20001

**If you do not file a reply, the Court can deny and/or dismiss your Complaint against the defendant on the basis of the Motion.**  If you file a response, you must identify all facts stated by the Defendant with which you disagree and must set forth your version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury).  You are entitled to file with the Court a legal brief in opposition to the Motion.  You are required to serve upon counsel for the defendant a copy of any documents you file with the Court.

Respectfully Submitted,


/s/      Brian A. Cafritz_____
Brian A. Cafritz (D.C. Bar No. 456687)
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300
(804) 320-6312 (fax)
Brian.Cafritz@kpmlaw.com


**_Counsel for Defendant, Paul Rosstead_**


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above Memorandum in Support of Defendant Paul Rosstead's Motion to Dismiss was mailed, first class, postage pre-paid, this _8_ th day of April, 2008 to:

Maurice Ceasar
Allenwood Medium- F.C.I.
R# 09747-007 A-1 Unit
PO Box 2000
White Deer, PA 17887


/s/      Brian A. Cafritz_____

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR               :

       Plaintiff,             :

                              :

v.                               :      Case No.    08-350RJL

                              :

PAUL ROSSTEAD,           :

                              :

       Defendant.          :

_____ :

## PAUL ROSSTEAD'S MOTION TO DISMISS

COMES NOW the defendant, Paul Rosstead, by and through counsel, and files this Motion pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(e) and the Prison Litigation Reform Act of 1995 ("PLRA"). As more fully developed in the attached memorandum of points and authorities, defendant hereby moves this Court to dismiss the Plaintiff's Complaint, stating as follows:

       1.       On or about January 5, 2007, the plaintiff filed a Complaint ("First Complaint") with the Superior Court for the District of Columbia against several defendants for damages resulting from alleged defamatory conduct that occurred in April and June of 2006. A copy of the original Complaint is attached as Exhibit A.

       2.       In response, defendant filed a Motion to Dismiss the Complaint and an Alternative Motion for a More Definite Statement on the grounds that it was written in such a verbose and rambling format that it failed to sufficiently notify Mr. Rosstead as to the reasons he may liable.

       3.       On March 2, 2007, the Superior Court entered an order granting the Motion and required plaintiff to file a more definite statement within 21 days. A copy of the order is attached as Exhibit B.

<table>
<tr><td><b>EXHIBIT</b></td></tr>
<tr><td>A</td></tr>
</table>

4.      Plaintiff failed to file a more definite statement, and upon renewal of the defendant's Motion to Dismiss, the Superior Court on April 27, 2007, through oral ruling on written motion, dismissed Mr. Ceasar's action, with prejudice. A copy of the Court's docket entry is attached as Exhibit C. A written order dismissing the Complaint with prejudice is attached as Exhibit D.

5.      On October 12, 2007, Mr. Ceasar filed another Complaint ("Second Complaint") with the Superior Court alleging, almost verbatim, identical facts and theories as were contained in the First Complaint (Exhibit A). A copy of that Complaint is attached as Exhibit E.

6.      The Defendant, on October 31, 2007, again filed a Motion to Dismiss, which was granted and an Order entered to that effect on November 27, 2007. A copy of that Order is attached hereto as Exhibit F.

7.      As part of that filing, plaintiff completed a questionnaire and represented to the court in Question A of Section II PREVIOUS LAWSUITS that he had not "begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action."

8.      Contrary to this representation, and in addition to the previously dismissed First Complaint, plaintiff has filed several other lawsuits in the Superior Court as well as in the United States District Court for the District of Columbia over the exact same facts and circumstances, alleging the same legal theories, and seeking the same damages. See Exhibit A and other similar complaints attached collectively as Exhibit G.

9.      Plaintiff has now filed a third identical complaint, in addition to two other similar complaints alleging the same facts, injuries and theories of recovery as the prior complaints. On the questionnaire in the present Complaint, the plaintiff has again

2

misrepresented that he has not filed other similar complaints on the same facts and legal theories.

    A.      Because plaintiff's case has already been dismissed twice with prejudice, Mr. Ceasar cannot file an identical action, and the instant matter must be dismissed.

    B.      Because plaintiff has previously, and again in the present case, misrepresented facts to the court in Question A of Section II of the questionnaire accompanying plaintiff's Second Complaint, Mr. Ceasar's Third Complaint should be dismissed with prejudice, his actions should be deemed harassing for the purposes of the Prison Litigation Reform Act, and he should be sanctioned for his conduct.

    10.     Pursuant to 28 U.S.C. §1915(f)(1) the plaintiff should be held responsible for the defendant's costs expended herein, as a result of his repeated misrepresentations and frivolous and harassing filings against the defendant.

    11.     Plaintiff makes passing allegations in his Complaint to 42 U.S.C. § 1983. Plaintiff, however, does not allege any involvement between defendant Rosstead and any state actors. Plaintiff has not alleged that at any point Mr. Rosstead was a state actor or in any way acting under color of state law, statutory prerequisites for stating a cognizable claim pursuant to 42 U.S.C. § 1983. Having failed to make such allegation, plaintiff's claims under 42 U.S.C. § 1983 must be dismissed.

    12.     Plaintiff alleges that Mr. Rosstead is liable for statements that were either slanderous or libelous. The applicable statute of limitations in the District of Columbia for such a claim for relief is one year. The statements were allegedly made no later than June 8, 2006. The present Complaint was filed on March 13, 2008, nine months after the statute of limitations had expired. Consequently, having missed the statutorily mandated deadline for filing a complaint based on these theories, plaintiff's Complaint must be dismissed.

WHEREFORE, as more fully developed in the accompanying memorandum of points and authorities, Mr. Rosstead requests that this Court grant his motion to dismiss the Plaintiff's Complaint and award him his costs and attorney's fees expended herein.

Dated: April _8_, 2008

Respectfully Submitted,

/s/    Brian A. Cafritz
Brian A. Cafritz (D.C. Bar No. 456687)
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300
(804) 320-6312 (fax)
Brian.Cafritz@kpmlaw.com

**Counsel for Defendant, Paul Rosstead**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above Motion to Dismiss and, in the alternative, Motion for More Definite Statement was mailed, first class, postage pre-paid, this  8 <sup>th</sup> day of April, 2008 to:

Maurice Ceasar
Allenwood Medium- F.C.I.
R# 09747-007 A-1 Unit
PO Box 2000
White Deer, PA 17887


/s/      Brian A. Cafritz


5

BOl

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RECEIVED
Civil Clerk's Office
JAN 0 5 2007
Superior Court of the
District of Columbia
Washington, D.C.

Maurice Ceasar
D.C. #208-880-CCA/C.T.F.
1901 E Street S.E.
Washington D.C. 20003

**Plaintiff**

FILED
CIVIL ACTIONS BRANCH
NOV 29 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON DC

in the Civil Clerks
office on this date.
1000171-07

Civil Action No.

(V.5)

Related

(1) Associated Press Association
Journalists- Publishers- Sources
450 West 33rd Street
NY, NY, 10001

**Defendants**

(2) U.S. Today's News Papers Assoc.
7950 Jones Branch Drive
McLean Virginia 22108-0665

**COMPLAINT**

(3) Washington Post Assoc.
1150 15th St. N.W.
Washington D.C. 20071

(4) Express Washington Newspaper Assoc
1150 15th St. N.W.
Washington D.C. 20071

(5) Paul Rosstead Administrator
For Crivery Baptist Church
777 8th St. N.W. /W. D.C. 20001

1. Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 25.000 to 75.000 with interest and costs.

Mr. William Michaels
Phone: 301-248-7559 (Leave message)

**DISTRICT OF COLUMBIA,**

being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

Maurice Ceas

(Plaintiff                                      Agent)

Subscribed and sworn to before me this    13th    day of November 2006

Trinita J. Davis

(Notary Public/Deputy Clerk)

FORM CV40-1019/May AA
A 3203 Std 290

Case: 2007 CO 000171 0
DKT: CABCPCF

TRINITA J. DAVIS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30, 2011

**EXHIBIT**

A

SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

SCR-CIV-Civil Division

MAURICE CEASAR
D.C.# 208-880-CCA/C.T.F.
1901 E Street S.E.
Washington, DC 20003

November, 2006

Case No.

(VS)

0000171-07

(1) Associated Press
    450 West 33rd Street
    N.Y., N.Y. 10001

(2) Washington Express Newspaper Association
    1150 15th Street, N.W.
    Washington, DC 20071

(3) U.S. Today's Newspaper Association
    7950 Jones Branch Drive
    McLean, VA 22108-0605

(4) Washington Post Newspaper Association
    1150 15th Street, N.W.
    Washington, D.C. 20071

(5) Paul Rosstead, (Administrator) Complainant
    For Calvary Baptist Church
    777 8th Street, N.W.
    Washington, D.C. 20001

Filing Lawsuit Complaint for Violation of Civil Rights /Civil Rights Act SCR-CIV. Sec 11-
921

COMPLAINT
SCR-CIVIL

In reference to Defamation and Discrimination of Character by news media, local station's sources and reporters who televised and printed in newspaper columns.

FACTS

Due to: Falsely incriminating me as well as providing false information sent to news medias and associated press for Metropolitan area, which includes the local sources and Reporters. This was sent without confirmation of the story to see whether information sent by both Police Officer and Renovation Church Administrator, Paul Rosstead, to Washington Express, Associated Press, Today's Newspaper Association and Washington Post Newspaper Association who printed the story with misleading information given to cause harm and was recklessly disregarded of the truth, that when published caused a panic to the public interest wrongfully and misleading. I was displaced by all of this, which sources and reporting persons did not confirm thoroughly but thought they had a story to publish as a high profile case.

I was later arrested in reference to the irregularities and inconsistencies of this matter of claim and not for a string of robberies and burglaries as they reported.

RELIEF

(Plaintiff)

I, Maurice Ceasar, am filing this civil complaint for the invasion of my rights of having a private and normal life without someone using my Federal W-2 Forms and Social Security Number to go online on personal computers to shop around on my name to defame me and discriminate against my character recklessly.
I am filing for false information sent to the six defendants named in this matter which sources and reporters published and printed against me wrongfully and other parties who caused the type of dilemma, which I named in this Civil Complaint.

(Relief Action)

REQUEST

I, Maurice Ceasar, (Plaintiff),

(1) Seek from this Honorable Court relief to have a court appointed attorney Pro Bono to represent me.
(2) May this Honorable Court bring those who reported the misinformation or the newspaper publishers and executive's sources who printed these allegations of deception and defamation of character falsely stating a string of charges and felonies to cause panic to the public.
(3) I wish to set a trial by jury and ask this Honorable Court to have each newspaper media organization that is responsible to reveal the names of each source and reporter so they can stand trial for this type of non-confirmed issue, slander and discrimination as well as degrading me to the public resulting in my incarceration.
(4) May this Honorable Court know that I am asking financial relief in damages and injuries in which I, Maurice Ceasar, whose whole life was dishonored and displaced punitively, monetarily, economically. emotionally and equitably. I am asking in finding by this court an amount of $25.000 from each of these multi defendants named in this claim (under Civil Rights Act Sec-Civ. Sec.11.921

_11-13-06_
Date

_11|2|06_
Date

_Maurice Ceasar 2006_
Signed

_Trinita J. Davis_
Notary

TRINITA J. DAVIS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30, 2011

Signed

I.    SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?        Yes ( )        No (X)

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment?        Yes ( )        No (X)

C.    If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to this previous lawsuit.

Plaintiffs: _____0_____

Defendants: _____0_____

2.    Court (If federal court, please name the district; if state court name the county.)
_____0_____

3.    Docket number: _____0_____

4.    Name of judge to whom case was assigned: _____0_____

5.    Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)
_____0_____

6.    Approximate date of filing lawsuit: _____0_____

7.    Approximate date of disposition: _____0_____

III.    PLACE OF CONFINEMENT
        CCA/C.T.F.    E/2A Unit

        1901 E Street S.E., Washington, D.C. 20003

A.    Is there a prisoner grievance procedure in this institution?  Yes ( )        No (X)
      If your answer is Yes, go to Question III B. If your answer is No, skip Questions,
      C and D and go to Question III E.

B.    Did you present the facts relating to your complaint in the prisoner grievance
      procedure?        Yes ( )        No (X)

C.    If your answer is Yes to Question III B:

      1.    To Whom and when did you complain? This matter occurred while I was
            out in society before arrest.

      2.    Did you complain in writing? (Furnish copy of the complaint you made, if
            you have one.)        Yes (X)        No (X)

      3.    What, if any, response did you receive? (Furnish copy of response, if in
            writing.) Officers and staff at D.C. Jail came to me due to news report

      4.    What happened as a result of your complaint? Outside of jail issue

D.    If your answer is No to Question III B, explain why not. This matter occurred
      while I was out in society before I was warranted and arrested between April 2006
      and May 9 2006.

E.    If there is no prison grievance procedure in the institution, did you complain to
      prison authorities?        Yes ( )        No (X)

F.    If your answer is Yes to Question III E:

      1.    To whom and when did you complain? When I was out in society, to
            attorneys, family, friends on my job.

      2.    Did you complain in writing? (Furnish copy of the complaint you made, if
            you have one.)        Yes (X)        No ( )

      3.    What if any response did you receive? (Furnish copy of response, if in
            writing.)
            Verbal response by phone calls that I should file a lawsuit.

4. What happened as a result of your complaint? <u>I was only told to file a lawsuit in D.C. District Court to bring forward the sources and reporters that violated my constitutional/civil rights by defamation of character.</u>

IV    PARTIES

In item below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff: <u>Maurice Ceasar # 208-880</u>
Address: <u>1901 E Street S.E. Washington, D.C. 20003</u>

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank. Do the same for additional defendants, if any.

B.    Defendant: <u>Washington Express, Sources and Reporters (newspaper) Publisher and executives who printed misinformation</u>
Address: <u>1150 15th Street N.W., Washington, DC 20071</u>
<u>12240 Indian Creek Court # 100, Beltville, MD 20705</u>

Defendant: <u>Washington Post Associates, Sources and Reporters, Publisher and Executives</u>
Address: <u>1150 15th Street N.W., Washington, DC 20071</u>

Defendant: <u>U.S. Today's Newspaper Assoc.</u>
Address: <u>7950 Jones Branch Drive, McLean, VA 22108-0605</u>

Defendant: <u>Associated Press Inc.</u>
Address: <u>450 West 33rd Street, New York, NY</u>

Defendant: <u>Paul Rosstead, Work Administrator for renovation of Calvary Baptist Church</u>
Addresss: <u>777 8th Street, N.W., Washington, DC 20001</u>

V.    STATEMENT OF CLAIM

(1) During the period from April 17, 2006 through April 24, 2006, the news reporters showed my picture to the public and proceeded to use misleading and libelous information about my past history to the public. This was bad media exposure, which was not honest or correct and resulted in a defamation of character problem that has now displaced my life. Television stations (4), (5), (7), (8), and (9) reported and televised the misinformation given by the complainant who requested a warrant by affidavit for my arrest at the church building renovation project. He obviously misread my past history information that he took from my personal papers including my income tax W-2 forms without my permission. He took my social security number and ran it through a computer to the Bureau of Prisons web site. He did this to ridicule me due to a mistake he had made and then accused me of taking something which I did not take or have. This happened at the church renovation building at 777 8th Street, NW. The church receptionist then barred me from the renovation property after they took my photograph. I had come into the building on April 17, 2006 looking for part time work and to see if work was available.

(2) This person then e-mailed misleading information to news stations around the Metropolitan area with the intention, I believe, to create misinformation on the computer internet which caused me to be wanted for my own past criminal history information. That record was from 20 years ago up to the year 2002 and was in reference to charges that were dismissed along with my convictions. This defendant made it look to the E-Mailed news media stations that I was wanted for committing the offenses that was on the Bureau of Prisons web site of the past history, which had been stricken from the record but not yet removed from the web site. This was to get society to come forward against me or to identify me and have me arrested.

(3) When the media showed the snapshot picture of me on television between April 17 and 24, 2006 and then again on June 4 and 5, 2006. I recognized the picture that was taken at the Calvary Church building renovation that the defendant gave to the news stations reporters or sources by e-mail, Fax or text messages. This person had the five news media stations and five newspapers, named as defendants in this lawsuit display the photo of me when the public was watching the TV news coverage and reading the newspapers. This caused people to panic when I was seen out in society and in my community. I was then informed, by my friends and family, who called me by phone and who are witnesses to the panic of the public.

(4) My family, friends and employer told me that I was in the news and was wanted for a string of robberies at buildings, churches and others. I was appalled by the attention that I had received. I was stunned by such information that wronged me in the eyes of the public and in the newspapers. I was depressed after it was shown on the 6 pm and 11pm news on all five news channels and shown in the newspapers. However, after the next day, through a legal source, I heard they
pulled it off the air due to misinformation that was given to the news agencies by

their source. They recognized that something was wrong with this news report picture coverage. I did not know that all of this was occurring until others phoned me while I was working.

(5) I was arrested due to the warrant report affidavit the church defendant, administrator, Paul Rosstead, gave to the police. That is how I came into the prison system this time. His report on me indicates that he is tied into the news media sources of the defamation and discrimination of character case, which I am filing. He made a bad frivolous attack on me by using the news media, ten TV stations and newspaper sources to arrest me on the basis of a still photograph of me, which he took without my permission. He also provided incorrect information, misleading everyone, the news media, the public and the criminal justice system. This all has disrupted my life, put me in prison and caused me untold suffering due to these rumors and lies.

(6) When the five TV stations first reported the untrue statements in April and again in June, 2006, they told the public that I was wanted for 10 to 20 charges but after some 70 days this was reduced to two charges. One of these charges was due to the warrant by the church defendant who again sent e-mails to the stations tying this matter and defendants to the defamation of character issue.

(7) This matter was intended to be conflicting to incriminate me in the Criminal Justice System. The airing on June 4 and 5, 2006 of the erroneous news was to get people to come forward since they had no response from the previous airing in April. The U.S. attorney officer who is the prosecutor on my case in Judge Dixon's court is trying to close cases on illegal news coverage that has been misleading from the start. She has been reiterating exposure of the same misleading news clippings to get the Grand Jury to indict me. The prosecutor showed it to the public on June 4 and 5, 2006 to have the public believe that I was still on the run in society but I was right here in jail. This was the cause of a deception from criminal government sources.

(8) The five news media stations, (channels 4, 5, 7, 8, and 9), their sources and reporters and four newspaper associations for the DC Metropolitan area especially the church Janitor and supervisor at 777 8th Street N.W. and the Criminal Justice U.S. attorney office prosecutor had all caused me to have my life displaced by defamation of character and discrimination which has injured me mentally and emotionally leading to depression and utmost debilitating stress. It is a fact that the news coverage of this matter to the public has caused panic among my friends and family. I am still appalled about where my life starts and ends. I wish to have this civil claim complaint law suit filed against all the above parties.

(9)These Defendants violated my Private Rights Act to liberty simply because I had a criminal history past. This has undone my reputation with public freedom, speech, work and housing. This is more than defamation however, more than publishing false charges and malicious comments. This was done with over reacting and with conscious deception.

past history and used it illegally and maliciously to invent this type of exposure. He then gave this misleading data to the MPD officers and to the news media. Some source or a connection with the church administrator or information provided by an officer of the MPD was thus provided the opportunity to televise his concocted story about my being a person wanted for a string of robberies and burglaries from properties and buildings in certain areas which was totally untrue.

(14)All of my legal information was in a yellow brown type closed folder that was taken when I went into the church renovation building. How was it that my information was exposed even in an affidavit and the person using my personal information had stated my name, social security number and birth date? I truly believe Mr. Rosstead and employees used my W-2 form information to go online and that on that recorded date or dates their computer or web sites will prove that they used my W-2 form which is a federal violation without my permission. They also used my social security number to get more information about my private and personal life. This data was sent to the local news agencies who did not confirm the date given by sources or Mr. Paul Rosstead as being true or concocted. This was apparently the result of his bitterness and attack toward me. That he used his anger as well as deception intended information to invent this data is presented to this court c/o civil complaint.

(15)There was never any string of felony cases committed by me. There was never any charges of robberies or burglaries of properties and buildings, not even any complaints when I was warranted for my present arrest. The two theft charges that I am being forced to accept in a plea bargain was established by the prosecutor and then changed to burglary II, once again by the prosecutor.
I have several witnesses who have seen these local news broadcasts and newspaper articles which slandered me and has displaced my privacy, job expectations and housing. If I was to ever be in the public where my liberty is degraded and my character defamed due to what has occurred as multi-misleading by everyone who knows my identity in society as not what the newspaper associations and television stations broadcasted and printed.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| Maurice Ceasar, | ) | Civil Case No. 2007 CA 000171 B |
| | ) | |
| Plaintiff, | ) | |
| | ) | Calendar 12 |
| v. | ) | Judge Robert E. Morin |
| | ) | |
| Associated Press, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This comes before the Court on Defendant Paul Rosstead's Motion to Dismiss, and, in the Alternative, Motion for a More Definite Statement. Plaintiff filed no opposition thereto.

Plaintiff brings this action against several defendants. In his complaint he makes numerous, sometimes conflicting allegations. Apparently, Plaintiff is dissatisfied that individuals provided information about his past criminal history to the law enforcement authorities and news outlets that ultimately led to his arrest and being charged. He also states that he is taking a plea bargain to "a couple" of charges. Defendant Rosstead moves to dismiss claiming that the complaint fails to state a cause of action.

The filing of a motion to dismiss pursuant to Rule 12(b)(6) does not call upon Plaintiff to offer proof. Rather the Court accepts the claim as true and construes all facts and inferences in favor of the claimant. *Atkins v. Indus. Telecommunications Ass'n,* 660 A.2d 885, 887 (D.C. 1995). All that is required of the complaint is "a short and plain statement of the claim showing that the pleader is entitled to relief." Super. Ct. Civ. R. 8(a)(2). Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). "Indeed it may appear on the face of the

EXHIBIT

tabbies®

B

pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Sarete, Inc. v. 1344 U St. Ltd. P'ship*, 871 A.2d 480, 497 (D.C. 2005) ("[A] complaint [should not] be dismissed under Rule 12(b)(6) on the ground that no evidence has been offered by Plaintiffs since we take the facts alleged in the complaint as true, and the presentation of evidence to counter a Rule 12(b)(6) motion is not required." (internal quotations, citation, and editing omitted)); *Vincent v. Anderson*, 621 A.2d 367, 372 (D.C. 1993) ("The Rule is designed to test solely the legal sufficiency of the complaint."). The complaint satisfies the requirements of Rule 8(a) if it gives a defendant notice of the basis for this suit. Pursuant to Sup. Ct. Civ. R. 10(c), "a copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes." Thereafter, if a defendant wishes to test the ability of plaintiffs to prove what they have alleged, he or she must present a motion for summary judgment or proceed to trial.

If defendant files a motion to dismiss under 12(b)(6) that requires the Court to consider matters outside the complaint and public records, orders, items appearing in the record of the case, and exhibits attached to the complaint, the Court treats the motion as one for summary judgment. Super. Ct. Civ. Rule 12(b); *Washkoviak v. Student Loan Marketing Ass'n*, 849 A.2d 37, 40 (D.C. 2004); *Kitt v. Pathmakers, Inc.*, 672 A.2d 76, 79-80 (D.C. 1996).

Deciding a motion to dismiss in the context of a *pro se* prisoner complaint raises particular concerns. The Court of Appeals has stated that during the course of litigation parties may represent themselves. However, "such a litigant can expect no special treatment from the court." *Abell v. Wang*, 697 A.2d 796, 804 (D.C. 1997) and " . . . must not expect or seek concessions because of [his] inexperience and lack of trial knowledge and training and must, when acting as [his] own lawyer, be bound by and conform to the rules of court procedure . . .

2

equally binding upon members of the bar." *Solomon v. Fairfax Village Condominium IV Unit Owner's Ass'n*, 621 A.2d 378, 380 n.2 (D.C. 1993) (quoting *Paton v. Rose*, 191 A.2d 455 (D.C. 1963)). This is particularly true where the plaintiff is seeking a monetary award. *See also, Macleod v. Georgetown Univ. Med. Ctr.*, 736 A.2d 977 (D.C. 1999). This is based, in part, on the notion that interference by the court in civil litigation "necessarily implicates the court's impartiality and discriminates against opposing parties who do have counsel." *Jacobsen, supra*, 790 F.2d at 1365 n.7. As the Supreme Court has observed, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *McNeil v. United States*, 508 U.S. 106, 113 (1993)(quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).

At the same time, the "trial judge may, without compromising requisite judicial impartiality, provide reasonable technical assistance to a *pro se* plaintiff in presenting her case." *Tyree v. Evans*, 728 A.2d 101, 105 (D.C. 1999). In matters involving pleadings, service of process, and timeliness of filings, *pro se* litigants are not always held to the same standards as are applied to lawyers. *Thomas v. United States,* 586 A.2d 1228, 1230 (D.C. 1991); *Wright v. Wright,* 386 A.2d 1191, 1192 n.2 (D.C. 1978). In addition, courts may grant leeway to *pro se* litigants when they bring suit under remedial statutes, particularly those involving civil rights, which rely "largely on lay persons, operating without legal assistance, to initiate and litigate administrative and judicial proceedings." *Goodman v. District of Columbia Rental Hous. Comm'n,* 573 A.2d 1293, 1299 (D.C. 1990). *See also Karriem v. Gray*, 623 A.2d 112, 114 (D.C. 1993); *Johnson-El v. District of Columbia*, 579 A.2d 163, 166 (D.C. 1990); *Love v. Pullman Co.,* 404 U.S. 522, 527, 30 L. Ed. 2d 679, 92 S. Ct. 616 (1972)("Procedural technicalities are particularly inappropriate in such a statutory scheme"). Further, in the case of incarcerated

3

litigants, the courts have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, and have held that some procedural rules must give way because of the unique circumstance of incarceration, *see Houston v. Lack,* 487 U.S. 266, 101 L. Ed. 2d 245, 108 S. Ct. 2379 (1988) (*pro se* prisoner's notice of appeal deemed filed at time of delivery to prison authorities) *McNeil v. United States,* 508 U.S. 106, 113, 124 L. Ed. 2d 21, 113 S. Ct. 1980 (1993). In the end, however, a court's duty to construe a *pro se* complaint liberally does not permit it to uphold completely inadequate complaints. *Elmore v. Stevens,* 824 A.2d 44, 46 (D.C. 2003).

In the instant case, Plaintiff, a *pro se* incarcerated party, brings a monetary claim and not a claim under a remedial statute. While the Court would normally dismiss the complaint because it is rambling, inconsistent, too generalized and in some respects incomprehensible in terms of the claims asserted, because plaintiff is *pro se* and incarcerated, it will allow him an opportunity to provide a more definite statement. *See Sup. Ct. Civ. R. 12(e); McChesney v. Moore,* 78 A.2d 389, 391 (D.C. Mu. App. 1951).

Plaintiff is advised that the complaint is "a short and plain statement of the claim showing that the pleader is entitled to relief." Super. Ct. Civ. R. 8(a)(2). Such a statement must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. He set forth a separate claim for each cause of action he identifies and in a short and plain statement set forth the facts for each. Plaintiff shall have 21 days from the date of docketing this order in which to submit a more definite statement.

Wherefore, for the reasons stated it is this **2nd day of March 2007**, hereby

**ORDERED** that Paul Rosstead's Motion to Dismiss, and, in the Alternative, Motion for a More Definite Statement is granted in part and denied in part; and it is further

4

**ORDERED**, that Plaintiff shall have 21 days from the date of docketing this order in which to submit a more definite statement; and that it is further

**ORDERED**, that in the event Plaintiff fails to file such statement Defendant may renew his motion to dismiss.

_Robert E. Morin_

**Judge Robert E. Morin**
(Signed in Chambers)

Copies to:

Brian A. Cafritz
Kablaugh, Pfund & Messersmith, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, VA 23236

Maurice Ceasar
D.C. # 208-880-CCA/CTF
1901 E. Street, S.E.
Washington, D.C. 20003

5

## 2007 CA 000171 B CEASAR, MAURICE Vs. ASSOCIATED PRESS

| **File Date** | 01/05/2007 | **Case Status** | Open | **Case Status Date** | 01/05/2007 |
|---|---|---|---|---|---|
| | | **Case Disposition** | Undisposed | **Case Disposition Date** | |

### Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| CEASAR, MAURICE | | PLAINTIFF | PRO SE | |
| ASSOCIATED PRESS | | Defendant | TOBIN, Mr CHARLES D | (202)995-3000 |
| U.S. TODAY'S NEWS PAPER ASSOCIATION | | Defendant | TOBIN, Mr CHARLES D | (202)995-3000 |
| WASHINGTON POST NEWSPAPER ASSOCIATION | | Defendant | SHANAHAN, RACHEL | (202)434-5952 |
| WASHINGTON EXPRESS NEWSPAPER ASSOCIATION | | Defendant | SHANAHAN, RACHEL | (202)434-5952 |
| ROSSTEAD, PAUL | | Defendant | CAFRITZ, Mr BRIAN A | (804)320-6312 |

### Financial Entries

| Receipt # | Date | Received From | | Amount Paid | |
|---|---|---|---|---|---|
| 71665 | 05/04/2007 | Tobin, Charles | | 20.00 | |
| | **Payment** | | **Fee** | | |
| | Receipt Depositor | 20.00 | Cost | 20.00 | |

| Receipt # | Date | Received From | | Amount Paid | |
|---|---|---|---|---|---|
| 70909 | 04/27/2007 | SHANAHAN, RACHEL | | 20.00 | |
| | **Payment** | | **Fee** | | |
| | Receipt Depositor | 20.00 | Cost | 20.00 | |

| Receipt # | Date | Received From | | Amount Paid | |
|---|---|---|---|---|---|
| 70877 | 04/26/2007 | Charles Tobin | | 20.00 | |
| | **Payment** | | **Fee** | | |
| | Receipt Depositor | 20.00 | Cost | 20.00 | |

EXHIBIT

C

tabbies

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 70287 | 04/23/2007 | BEALL, JUSTIN M | | 20.00 |
| | **Payment** | | **Fee** | |
| | Receipt Depositor | 20.00 | Cost | 20.00 |

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 63518 | 01/30/2007 | PRO SE | | 20.00 |
| | **Payment** | | **Fee** | |
| | Check | 20.00 | Cost | 20.00 |

## Docket Entries

| Date | Text |
|---|---|
| 05/01/2007 | (ENTRY CREATED FOR IMAGE PURPOSES ONLY).dcm. Defendant The Associated Press Motion to Dismiss Filed. submitted 05/01/2007 14:59. ksc Attorney: TOBIN, Mr CHARLES D (455593) ASSOCIATED PRESS (Defendant); Receipt: 71665 Date: 05/04/2007 |
| 05/01/2007 | Defendant The Associated Press Motion to Dismiss Filed. submitted 05/01/2007 14:59. ksc Attorney: TOBIN, Mr CHARLES D (455593) ASSOCIATED PRESS (Defendant); Receipt: 71665 Date: 05/04/2007 |
| 04/27/2007 | Event Resulted: The following event: Scheduling Conference Hearing scheduled for 04/27/2007 at 9:30 am has been resulted as follows: Result: Scheduling Conference Hearing Not Held Defendant's Counsel Present Only. Defendants Paul Rosstead, USA Today's, The Washington Post and Express Motion to Dismiss, Granted. Judge: MORIN, ROBERT E Location: Courtroom 517 |
| 04/27/2007 | Oral Ruling on Written Motion By The Washington Post and Express to Dismiss, Granted and Entered on the Docket |
| 04/27/2007 | Oral Ruling on Written Motion by USA Today's Motion to Dismiss, Granted and Entered on the Docket |
| 04/27/2007 | Oral Ruling on Written Motion, Paul Rossted Renewed Motion to Dismiss, Granted and Entered on the Docket |
| 04/20/2007 | Line Entering Appearance Filed. Submitted 04/20/2007 16:06. sams. Attorney: TOBIN, Mr CHARLES D (455593) ASSOCIATED PRESS (Defendant); U.S. TODAY'S NEWS PAPER ASSOCIATION (Defendant); |
| 04/20/2007 | Motion of The Washington Post and Express to Dismiss The Complaint Filed. Submitted 04/20/2007 15:41. sams. Attorney: SHANAHAN, RACHEL (493445) WASHINGTON POST NEWSPAPER ASSOCIATION (Defendant); WASHINGTON EXPRESS NEWSPAPER ASSOCIATION (Defendant); Receipt: 70909 Date: 04/27/2007 |
| 04/20/2007 | Additional eFiling Document to Defendant's USA Today's Motion to Dismiss Filed. Submitted 4/20/2007 16:36. ts. Attorney: TOBIN, Mr CHARLES D (455593) |
| 04/20/2007 | Defendant's USA Today's Motion to Dismiss Filed. Submitted 4/20/2007 16:36. ts. Attorney: TOBIN, Mr CHARLES D (455593) Receipt: 70877 Date: 04/26/2007 |
| 04/17/2007 | Motion to exclude Mr. Paul Rosstead from this Civil Complaint in order to draft a more definitive Civil Claim Statement once I can get a legal attorney to represent me Filed: Attorney: PRO SE (999999) MAURICE CEASAR (PLAINTIFF); |
| 04/09/2007 | Letter entered on: Mailed to: DC Superior Court Returned to Court on: 4-9-07 Reason: Return To Sender |

| | |
|---|---|
| 04/06/2007 | Paul Rosstead's Renewed Motion to Dismiss Filed. Submitted 04/06/2007 14:02. ajm Attorney: BEALL, JUSTIN M (502394) PAUL ROSSTEAD (Defendant); |
| 04/04/2007 | Proof of Service to Order Sua Sponte to/for: Rescheduling Initial Scheduling Conference to 4/27/07 due to Judge not being available Entered on Docket Submitted on 04/04/2007 17:49. jmv. Signed by Judge Morin on 4/3/07. |
| 04/04/2007 | Order Sua Sponte to/for: Rescheduling Initial Scheduling Conference to 4/27/07 due to Judge not being available Entered on Docket Submitted on 04/04/2007 17:49. jmv. Signed by Judge Morin on 4/3/07. |
| 04/04/2007 | Order Sua Sponte Entered on Docket on 04/04/07; Order SIGNED by Judge Morin on 04/03/07 and E-Filed on 04/04/07. Copies served electronically on counsel through eFiling for Courts. The Initial Scheduling Conference is rescheduled from 4/13/07 to 4/27/07 due to judge unavailable. (lyg) Also a copy was mailed from chambers on 4/5/07 to pro se party(s) as follows: Maurice Ceasar # 208880 C.C.A/C.T.F./D4-B Cell 23 1901 E Street, NE Washington, DC 20003 Plaintiff, Pro se Associated Press 450 West 33rd Street New York, NY 10001 U.S. Today Newspaper Association 7950 Jones Branch Drive McLean, VA 22108-0605 Washington Post Express Newspaper Association 1150 15th Street, NW Washington, DC 20071 Washington Post Newspaper Association 1150 15th Street, NW Washington, DC 20071 |
| 04/03/2007 | Event Scheduled Event: Scheduling Conference Hearing Date: 04/27/2007 Time: 9:30 am Judge: MORIN, ROBERT E Location: Courtroom 517 |
| 04/03/2007 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on: 04/03/2007 12:24:39 |
| 04/03/2007 | Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 04/13/2007 at 9:30 am has been resulted as follows: Result: Scheduling Conf Hrg Cont'd - Judge Not Available - in L&T court. Judge: MORIN, ROBERT E Location: Courtroom 517 |
| 03/07/2007 | Proof of Service Method : Service Issued Issued : 01/12/2007 Service : Summons Issued Served : 02/01/2007 Return : 03/07/2007 On : ROSSTEAD, PAUL Signed By : Reason : Proof of Service Comment : Tracking #: 5000025849 |
| 03/07/2007 | Affidavit of Service of Summons & Complaint by mail on PAUL ROSSTEAD (Defendant); |
| 03/07/2007 | Proof of Service Method : Service Issued Issued : 01/12/2007 Service : Summons Issued Served : 02/01/2007 Return : 03/07/2007 On : WASHINGTON POST NEWSPAPER ASSOCIATION Signed By : Reason : Proof of Service Comment : Tracking #: 5000025847 |
| 03/07/2007 | Affidavit of Service of Summons & Complaint by mail on WASHINGTON POST NEWSPAPER ASSOCIATION (Defendant); |
| 03/07/2007 | Proof of Service Method : Service Issued Issued : 01/12/2007 Service : Summons Issued Served : 02/01/2007 Return : 03/07/2007 On : WASHINGTON EXPRESS NEWSPAPER ASSOCIATION Signed By : Reason : Proof of Service Comment : Tracking #: 5000025848 |
| 03/07/2007 | Affidavit of Service of Summons & Complaint by mail on WASHINGTON EXPRESS NEWSPAPER ASSOCIATION (Defendant); |
| 03/07/2007 | Proof of Service Method : Service Issued Issued : 01/12/2007 Service : Summons Issued Served : 02/02/2007 Return : 03/07/2007 On : U.S. TODAY'S NEWS PAPER ASSOCIATION Signed By : Reason : Proof of Service Comment : Tracking #: 5000025846 |
| 03/07/2007 | Affidavit of Service of Summons & Complaint by mail on U.S. TODAY'S NEWS PAPER ASSOCIATION (Defendant); |
| 03/02/2007 | Proof of Service To Order Granting and Denying In Part Defendant Paul Rosstead Motion To Dismiss submitted 03/02/2007 10:49. ksc. Signed By J/Morin on 3/2/07 |
| 03/02/2007 | Order Granting and Denying In Part Defendant Paul Rosstead Motion To Dismiss submitted 03/02/2007 10:49. ksc. Signed By J/Morin on 3/2/07 |
| 03/02/2007 | Order Granting in Part Paul Rosstead's Motion to Dismiss, and, in the Alternative, Motion for a More Definite Statement Entered on the Docket on 3/2/07. Order Signed on 3/2/07 by Judge Morin. Order eFiled on 3/2/07. Copy served electronically on counsel, and by mail on pro se Plaintiff Maurice Ceasar on 3/2/07. Ordered that Plaintiff shall have 21 days from the docketing of |

| | this order in which to submit a more definite statement. (lyg) | |
|---|---|---|
| 01/30/2007 | Paul Rosstead's Motion To Dismiss And, In The Alternative Motion For A More Definitive Statement Filed: Attorney: WORST, Mr ROBERT E (469849) PAUL ROSSTEAD (Defendant); Receipt: 63518 Date: 01/30/2007 | |
| 01/12/2007 | Issue Date: 01/12/2007 Service: Summons Issued Method: Service Issued Cost Per: $ ASSOCIATED PRESS 450 West 33rd Street NEW YORK, NY 10001 Tracking No: 5000025845 U.S. TODAY'S NEWS PAPER ASSOCIATION 7950 Jones Branch Drive MC LEAN, VA 22108 Tracking No: 5000025846 WASHINGTON POST NEWSPAPER ASSOCIATION 1150 15th Street, NW WASHINGTON, DC 20071 Tracking No: 5000025847 WASHINGTON EXPRESS NEWSPAPER ASSOCIATION 1150 15th Street, NW WASHINGTON, DC 20071 Tracking No: 5000025848 ROSSTEAD, PAUL 777 8th Street, NW WASHINGTON, DC 20001 Tracking No: 5000025849 | |
| 01/11/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Washington Express Newspaper Association by the Clerk Pursuant to SCR 54-II this date January 11, 2007. MAURICE CEASAR (PLAINTIFF); | |
| 01/11/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Washington Post Newspaper Association by the Clerk Pursuant to SCR 54-II this date January 11, 2007. MAURICE CEASAR (PLAINTIFF); | |
| 01/11/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Paul Rosstead by the Clerk Pursuant to SCR 54-II this date January 11, 2007. MAURICE CEASAR (PLAINTIFF); | |
| 01/11/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant Associated Press by the Clerk Pursuant to SCR 54-II this date January 11, 2007. MAURICE CEASAR (PLAINTIFF); | |
| 01/11/2007 | Complaint Summons and I.O. with Acknowledgment Form mailed to Defendant U.S. Today's Newspaper Association by the Clerk Pursuant to SCR 54-II this date January 11, 2007. MAURICE CEASAR (PLAINTIFF); | |
| 01/11/2007 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 04/13/2007 Time: 9:30 am Judge: MORIN, ROBERT E Location: Courtroom 517 | |
| 01/05/2007 | Order Granting Motion to Proceed In Forma Pauperis Signed by Judge Beaudin on November 29, 2006. Case received in the Civil Clerk's Office on January 5, 2007 and Entered on the Docket on January 11, 2006. | |
| 01/05/2007 | Motion to Proceed In Forma Pauperis Filed Attorney: PRO SE (999999) MAURICE CEASAR (PLAINTIFF); | |
| 01/05/2007 | Complaint for Conversion Filed | |

D.C. Superior Court
07 May 17 All:44
Clerk of Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| MAURICE CEASAR )<br><br>    Plaintiff, )<br>            )<br>v.            )<br>            )<br>ASSOCIATED PRESS, et al. )<br>            )<br>    Defendants. )| Case No.: 2007 CA 000171 B<br><br>Judge Robert E. Morin<br><br>Initial Conference: April 27, 2007 |

### ORDER

Upon consideration of Defendant the Associated Press' Motion to Dismiss it is this 16th

day of May 2007, by the Superior Court for the District of Columbia:

**ORDERED**, that the motion is **GRANTED**, as was decided in open court on April 27,

2007; and it is

**FURTHER ORDERED**, that Plaintiff's Complaint is **DISMISSED WITH**

**PREJUDICE** for failure to state a claim upon which relief may be granted.

_Robert E. Morin_

---

Judge Robert E. Morin

Copies to:

1

**EXHIBIT**

D

Maurice Ceasar
D.C. # 208-880-CCA/CTF
1901 E. Street, S.E.
Washington, D.C. 20003
*Plaintiff, Pro se*

Charles D. Tobin
Judith F. Bonilla
2099 Pennsylvania Ave. N.W., #100
Washington, D.C. 20006
*Counsel for Defendants* USA TODAY *and
the Associated Press*

Kevin Hardy
Williams & Connolly LLP
725 Twelfth St., N.W.
Washington, D.C. 20005
*Counsel for Washington Post and
Washington Express*

2

**SCR CIV FORM 1-A**

## Notice and Acknowledgment for Service by Mail
## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

MAURICE CEASAR

_____
Plaintiff

V.

PAUL ROSSTEAD et al.

Civil Action Number _____ 0006944-07
_____
Defendant

## NOTICE

To:    Name   PAUL ROSSTEAD - CALVARY Baptist Church

       Address   777  8th  Street  N.W.

       WASHington D.C. 2o001

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date) _____ .

_____          _____
Signature                        Date of Signature

### Acknowledgment of Receipt of Summons, Complaint and Initial Order

I received a copy of the summons, complaint and initial order in the above captioned matter at

(address) _____

_____     _____     _____
Signature                   Relationship to Defendant/Authority   Date of Signature
                            To Receive Service of Process

Form CV(6)-1590/Mar 97

**EXHIBIT**

E



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MAURICE CEASAR
Vs.                                                                  C.A. No.        2007 CA 006944 B
PAUL ROSSTEAD

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JENNIFER M ANDERSON
Date:   October 17, 2007
Initial Conference: 9:30 am, Friday, January 18, 2008
Location:   Courtroom A-50
            515 5th Street N.W.
            WASHINGTON, DC 20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

MAURICE CEASAR
1901 E Street S.E.
WASHINGTON D.C. 2003    *Plaintiff*

vs.

0006944-07

Civil Action No. _____

Paul Rosstead -C, B, Church
777 8th St. N.W.  *Defendant*
WAShington D.C. 2001

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MAURICE CEASAR  PRO SE
Name of Plaintiff's Attorney

1901 E Street S.E.
Address

WAShington D.C. 20003
0
Telephone

*Clerk of the Court*

By _____

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-450(May 03)

SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

SCR-CIV-Civil Division

MAURICE CEASAR
D.C.# 208-880-CCA/C.T.F.
1901 E Street S.E.
Washington, DC 20003

April 13, 2007

Case No. 2007

**0006944-07**

(VS)



Paul Rosstead, (Administrator) Complainant
For Calvary Baptist Church
777 8th Street, N.W.
Washington, DC 20001

Filing Lawsuit Complaint for Violation of Civil Rights /Civil Rights Act SCR-CIV. Sec 11-921

COMPLAINT
SCR-CIVIL

In reference to Defamation and Discrimination of Character by news media, local station's sources and reporters who televised and printed in newspaper columns.

FACTS

Due to: Falsely incriminating me as well as providing false information sent to news medias and associated press for Metropolitan area, which includes the local sources and Reporters. This was sent without confirmation of the story to see whether information sent by both Police Officer and Renovation Church Administrator, Paul Rosstead, to Washington Express, Today's Newspaper Association and Washington Post Newspaper Association who printed the story with misleading information given to cause harm and was recklessly disregarded of the truth, that when published caused a panic to the public interest wrongfully and misleading. I was displaced by all of this, which sources and reporting persons did not confirm thoroughly but thought they had a story to publish as a high profile case claim and not for a string of robberies and burglaries as they reported.

## RELIEF

I, Maurice Ceasar, am filing this civil complaint for the invasion of my rights of having a private and normal life without someone using my Federal W-2 Forms and Social Security Number to go online on personal computers to shop around on my name to defame me and discriminate against my character recklessly.
I am filing for false information sent to five television and three newspaper media which sources and reporters published and printed against me wrongfully and other parties who caused the type of dilemma, which I named in this Civil Complaint.

(Relief Action)

## REQUEST

I, Maurice Ceasar, (Plaintiff),

(1) Seek from this Honorable Court relief to have a court appointed attorney Pro Bono to represent me..

(2) May this Honorable Court bring Mr. Paul Rosstead who reported the misinformation to the newspaper publishers and television media who printed these allegations of deception and defamation of character falsely stating a string of charges and felonies to cause panic to the public.

(3) I wish to set a trial by jury and ask this Honorable Court to have Mr. Rosstead stand trial for this type of non-confirmed issue, slander and discrimination as well as degrading me to the public resulting in my incarceration.

(4) May this Honorable Court know that I am asking financial relief in damages and injuries in which I, Maurice Ceasar, whose whole life was dishonored and displaced punitively, monetarily, economically, emotionally and equitably. I am asking in finding by this court an amount of $25,000 to $75,000 from the defendant named in this claim (under Civil Rights Act SCR-CIVIL) 1983).

_September 17, 2007_
Date

_Maurice Ceasar_
Signed

I.    SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?         Yes ( )         No (X)

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment?         Yes ( )         No (X)

C.    If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1.    Parties to this previous lawsuit.

         Plaintiffs: _____0_____

         Defendants: _____0_____

   2.    Court (If federal court, please name the district; if state court name the county.)
         _____0_____

   3.    Docket number: _____0_____

   4.    Name of judge to whom case was assigned: _____0_____

   5.    Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)
         _____0_____

   6.    Approximate date of filing lawsuit: _____0_____

7.    Approximate date of disposition: _____0_____

III.    PLACE OF CONFINEMENT
       CCA/C.T.F.___E/2A_Unit_____

       1901 E Street S.E., Washington, D.C. 20003_____

A.    Is there a prisoner grievance procedure in this institution? Yes ( )        No (X)
      If your answer is Yes, go to Question III B. If your answer is No, skip Questions,
      C and D and go to Question III E.

B.    Did you present the facts relating to your complaint in the prisoner grievance
      procedure?         Yes ( )      No (X)

C.    If your answer is Yes to Question III B:

      1.    To Whom and when did you complain? This matter occurred while I was
            out in society before arrest.

      2.    Did you complain in writing? (Furnish copy of the complaint you made, if
            you have one.)      Yes (X)      No (X)

      3.    What, if any, response did you receive? (Furnish copy of response, if in
            writing.) Officers and staff at D.C. Jail came to me due to news report

      4.    What happened as a result of your complaint? Outside of jail issue

D.    If your answer is No to Question III B, explain why not. This matter occurred
      while I was out in society before I was warranted and arrested between April 2006
      and May 9 2006.

E.    If there is no prison grievance procedure in the institution, did you complain to
      prison authorities?         Yes ( )      No (X)

F.    If your answer is Yes to Question III E;

      1.    To whom and when did you complain? When I was out in society, to
            attorneys, family, friends on my job.

      2.    Did you complain in writing? (Furnish copy of the complaint you made, if
            you have one.)      Yes (X)      No ( )

3.    What if any response did you receive? (Furnish copy of response, if in writing.)
    Verbal response by phone calls that I should file a lawsuit.

4.   What happened as a result of your complaint? I was only told to file a lawsuit in D.C. District Court to bring forward the sources and reporters that violated my constitutional/civil rights by defamation of character.

IV    PARTIES

In item below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff: Maurice Ceasar # 208-880
    Address: 1901 E Street S.E. Washington, D.C. 20003

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank. Do the same for additional defendants, if any.

Defendant: Paul Rosstead, Work Administrator for renovation of Calvary Baptist Church
Addresss: 777 8th Street, N.W. , Washington, DC 20001

V.    STATEMENT OF CLAIM

(1) During the period from April 17, 2006 through April 24, 2006, the news reporters showed my picture to the public and proceeded to use misleading and libelous information about my past history to the public and accused me of thefts at churches and buildings or properties. This was bad media exposure, which was not honest nor correct and resulted in a deprivation, invasion of privacy and misinformation. These data were not confirmed by news authorities. This problem has now displaced my life. Television stations (4), (5), (7), (8), and (9) reported and televised the misinformation given by the complainant who requested a warrant by affidavit for my arrest at the church building renovation project. He obviously was informed someway of a past criminal record, either by some other source or by my personal papers that included my W-2 Federal Tax Forms

he took without my permission. He took my social security number and ran it through a computer to the Government Criminal Web site. He did this to ridicule me due to a mistake he had made and then accused me of taking something I did not take or have. This happened at the church renovation building at 777 8th Street, NW. Paul Rosstead then barred me from the renovation property after they took my photograph without my permission. I had come into the building on April 17, 2006 looking for part time work and to see if work was available. He had the misleading accusations aired on all the local news media stations.

(2) Mr. Rosstead then e-mailed misleading information to news stations around the Metropolitan area with the intention, I believe, to create misinformation on the computer internet which caused me to be wanted for information similar to charges of a false criminal history. That record was from 20 years ago up to the year 2002 and was in reference to charges that were dismissed and NOPAPERED charges. This defendant made it look to the E-Mailed news media stations that I was wanted for committing the offenses that were on the Government-NICIS/WALES computer site of my past erroneous criminal history, which has no bearing on the recent charges, which I did not commit. He posted my photo to get society to come forward against me and to identify me to have me arrested but it did not happen.

(3) When the media showed the snapshot picture of me on television between April 17 and 24, 2006 and then again on June 4 and 5, 2006. I recognized the picture that was taken at the Calvary Church building renovation that the defendant gave to the news stations reporters or sources by e-mail, Fax or text messages. This person had the five news media stations and five newspapers, display the photo of me when the public was watching the TV news coverage and reading the newspapers. This caused people to panic when I was seen out in society and in my community. I was then informed, by my friends and family, who called me by phone and who are witnesses to the panic of the public.

(4) My family, friends and employer told me that I was in the news and was wanted for a string of robberies at buildings, churches and others. I was appalled by the attention that I had received. I was stunned by such information that wronged me in the eyes of the public and in the newspapers that Paul Rosstead went out of his way to slander me in the news media.

(5) I was arrested due to the warrant report affidavit the church defendant, administrator, Paul Rosstead, gave to the police. That is how I came into the prison system. His report on me indicates that he is tied into the news media sources of the defamation and discrimination of character case, which I am filing. He made a bad frivolous attack on me by using the news media, five TV stations and newspaper sources to arrest me on the basis of a still photograph of me, which he took without my permission. He also provided incorrect information, misleading everyone, the news media, the public and the criminal justice system. This all has disrupted my life, put me in prison and caused me untold suffering due to these rumors and lies.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MAURICE CEASAR          :
                        :
        Plaintiff,      :
                        :     Case No.: 2007 CA 006944-B
v.                      :     Judge Jennifer Anderson
                        :     Initial Conference: January 18, 2008
                        :
PAUL ROSSTEAD,          :
                        :
        Defendants.     :
                        :

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

The court has before it defendant's Motion to Dismiss to which plaintiff has not filed an

opposition. From the record submitted, it appears that plaintiff has filed multiple actions arising

out the same facts and circumstances. Moreover, on April 27, 2007, the Honorable Robert

Morin dismissed with prejudice an almost identical action filed by plaintiff. Accordingly,

plaintiff is barred from relitigating the same facts. Accordingly, it is this 27th day of November

2007, hereby

ORDERED that defendant's Motion to Dismiss is **GRANTED**; it is further

ORDERED that the Complaint against the defendant  Paul Rosstead is **DISMISSED**

WITH PREJUDICE.

Jennifer M. Anderson

_____
Judge Jennifer M. Anderson
Signed in chambers

**EXHIBIT**

F

Brian A. Cafritz (D.C. Bar No. 456687)
Counsel for Defendant Paul Rosstead
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300
(804) 320-6312 (fax)
Brian.Cafritz@kpmlaw.com

Justin M. Beall (D.C. Bar No. 502394)
Counsel for Defendant Paul Rosstead
KALBAUGH, PFUND & MESSERSMITH, P.C.
4031 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-3331
(703) 691-3332 (fax)
Justin.Beall@kpmlaw.com

Maurice Ceasar
#09747-007
Allenwood FCI
A1 Unit
P.O. Box 2000
White Deer, PA  17887-2000
Plaintiff *pro se*

U.S. District Court for the District of Columbia
Case No.: 1:06CV01404
Filed: 8/8/2006

**EXHIBIT**

tabbies'

G

UNITED STATES DISTRICT ~~~~
FOR THE DISTRICT OF COLUMBIA    FILED

AUG - 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Maurice Ceasar
D.C. D.C. #208-880                              July 12, 2006
CCA / C.T.F.
1901 E Street S.E.
Washington D.C. 20003
        vs.

To whom Reported (This Broadcast) c/o (This Civil Claim):
Related Claims c/o Sources, Leaks, Reporters:
(Five) News Local Stations
And media Broadcasting services
— Services — Which Are Named Here in: As Defendants ?

    Sources and Reporters
(1) Local - NBC - News station
    WRC Broadcast channel (4) Service
4001 Nebraska Ave. N.W.

W.D.C.                          | CASE NUMBER   1:06CV01404
(2) Sources and Reporters       | JUDGE: Unassigned
Local - Fox - News station Channel | DECK TYPE: Personal Injury/Malpractic
W++G (5) media Broadcast        |
Service :                       | DATE STAMP: 08/08/2006
Capital Plaza S.w. /2201 C St. N.W.
W.D.C.    20001

(3) Sources and Reporters
Local - ABC - News Station
Channel WJLA (7) media
Broadcast service
1717 Desales Street N.W.
W.D.C.

(4) Sources and Reporters
Local - channel 8 News
media Broadcast service (8) (T) W.D.C.

RECEIVED
JUL 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Pg.
(2) of page (1)
                    VS.

(5) Sources and Reporters
Local CBS - Channel (9)
WUSA - media Broadcast
2020 M St. N.W.
W.D.C.

(6) Judiciary Center Government
    U.S. Attorney Office
    555 4th Street N.W.
    Washington D.C. 20001

(7)         Church Renovation Building
    Complainant for my arrest, affidavit
    Report at: 777 8th Street N.W.
    Washington D.C. 20001


        Filing lawsuit complaint for Violation
    of Civil Rights / Civil Rights Act 42 U.S.C. §1983
            = Complaint =
        In Reference to Defamation Discrimination
        of Character, By News media - Local Station's
        Sources and Reporters, who Televised Broadcast.
            = Facts =
    Due To: False Information sent to News medias
    Local Sources and Reporters in metropolitan
    Area. Without Confirmation. to see whether Info-
    rmation sent was active or In-active, Channel(4),
    Channel(5), Channel(7), Channel(8), and Channel(9)
    Local News Stations Televised the Mis Information
    In which on 4-23-06 and After that Day on 4-24 a
    I was shown to Public-However pulled of the Air
    Due To: Sources Realizing Reporting Information
    was wrong * However, This has cause the Public to Panic
    and By May 9, 2006, I Maurice Ceasar was arrested

IN REFERENCE To the Irregularities and Inconsist-
encies of this matter of Claim.

= Relief =
(Plaintiff)
I, MAURICE CEASAR, is Filing this Civil Complaint
For the Defamation and Discrimination of Character.

Especially For False Information sent to the
(5) Five News Local Stations whom sources
and Reporters Televised me Wrongfully. also
other Parties who caused this type of Delima..
In which I have NAME in this Civil Complaint.
(Relief action)
= Request =
I, MAURICE CEASAR, (PLAINTIFF) ...
(1) Seek From the Court Relief, To have an court
- appointed Attorney assigned to Represent me.

(2) May this Honorable Court, Baring those who Reported
The Mis-Information, or News media's sources
executives who pulled the Televised Report off
The Air, after Defamation of Character issue
has cause a Panic To Public..

(3) I wish to set a trial By Jury And ask this
Honorable Court To Have each News Station that
is Responsible to Reveal the Names of each
source and Reporter to stand trial For this
Discrimination and slander; As well As Degrade
of My PRIVACY.

(4) May I ask This Honorable Court That I am Request-
ing Financial Relief in Damages and Injuries, In which

(3)

(Relief)
(Action)

I, MAURICE CEASAR, whole life has Been displaced punitively monetary equitable and others and I Request for (3) Three million Dollars ⁰⁰ In this multi-defendants claim; under civil Rights act. 47 U.S.C. 8 1983

I.   SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II.  PREVIOUS LAWSUITS

A.   Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?   Yes ( )   No (X)

B.   Have you begun other lawsuits in state or federal court relating to your imprisonment?   Yes ( )   No (X)

C.   If your answers to A or B is Yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

     1.   Parties to this previous lawsuit.

          Plaintiffs: _____

          Defendants: _____

     2.   Court (If federal court, please name the district; if state court name the county.)
          _____

     3.   Docket number: _____

     4.   Name of judge to whom case was assigned: _____

     5.   Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still

pending?) _____ ◯ _____

6.  Approximate date of filing lawsuit: _____ ◯ _____

7.  Approximate date of disposition: _____ ◯ _____

**III.  PLACE OF CONFINEMENT**

C C A / C.T.F.    E/2A Unit
1901  E  Street  S.E. -W. D.C. 20003

A.  Is there a prisoner grievance procedure in this institution? Yes ( )  No (✗)
If your answer is Yes, go to Question III B.  If your answer is No, skip Questions III, B,
C and D and go to Question III E.

B.  Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes ( )  No (✗)

C.  If your answer is Yes to Question III B:

1.  To whom and when did you complain? This matter occurred
While I was out In Society - Before arrest.

2.  Did you complain in writing?  (Furnish copy of the complaint you made, if you
have one.)  Yes (✗)  No (✗)

3.  What, if any, response did you receive?  (Furnish copy of response, if in writing.)
Officers and Staff at D.C. Jail
Came to me Due to News Report

4.  What happened as a result of your complaint? Outside of Jail
Issue.

D.  If your answer is No to Question III B, explain why not. This matter occurred
While I was out In Society. Before I was
Warrent and Arrested Between 4/06 - 9-06

E.  If there is no prison grievance procedure in the institution, did you complain to prison
authorities?  Yes ( )  No (✗)

F.  If your answer is Yes to Question III E:

N/A

1.  To whom and when did you complain? When I was out In
Society to Attorney s, Familys, Friends
on my Job...

(5)

2.  Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)    Yes (x)    No ( )

3.  What, if any response did you receive? (Furnish copy of response, if in writing.)
Verbal ReSponSe By PhoneCalls that I Should file
Law Suit

4.  What happened as a result of your complaint?  only told to file.
Law Suit in D.C. District Court To Bring
Foreward the Sources + Reporters that
Violated my constitution/civil Rights
By Defamation of character.

**IV.    PARTIES**

In item A below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A.  Name of Plaintiff:  MAURiCE CEASAR ⚹ 208-880
    Address: 1901  E  Street S.E. - W.D.C. 20003

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank. Do the same for additional defendants, if any.

B.  Defendant: Sources And Reporters — Defendants
    Local - NBC - News Station / WRC Broadcast
    Address: Channel (4) NEWS

    Defendant: Sources And Reporters - Defendants
    Local - FOX - News Station / WTTG Broadcast
    Address: Channel (5) NEWS

    Defendant: Sources And Reporters - Defendants
    Local - ABC - News Station / WMLA-WJLA
    Address: Channel (7) Broadcast

    Defendant: Sources And Reporters - Defendants
    Local Channel (9) News media Broadcast
    Address: Channel 8.

                                    ( Add on page (7).)
                                      e/o Parties

**V.    STATEMENT OF CLAIM**

State here briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved.

(6)

continuous

Add on
Sheet

# IV. Parties (B.)
## Defendants

Defendants: Sources And Reporters
Local C B S - New Station / WUSA Media Broadcast

Address: Channel (9) News
                            W. D. C.

Defendants: Judiciary Center Government
            U.S. Attorney Office
Address: 555 4th Street N.W.
        Washington D.C. 20001

Defendants:
Supervisor / Receptionist

Address:            Church Renovation Building
777 8th Street N.W. /W.D.C. 20001

(7)

Statement of Claim:

(V.)

Include the names of other persons involved, dates, and places. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra sheets, if necessary.

(1) ON April - week through the 17 - thru About 24, 2006
This is when the Incident and NEWS Reporters showed
my Still picture and my Past History of Criminal
Cases to the Public - which was Bad media Exposure
which was misLeading and Caused a Defamation
of Character problem that has now Displaced my
Life. Channel (3), (4), (7), (8), and (9) Reported and
televised the mis-Information given By the
Complainant who warrant me By Affidavit to Be Attested
at the Church Renovation Building, who obviously
mis Read - my Criminal History information that He
Illegally took my (TAX INCOME W-2 forms) without my

VI.  RELIEF                     Facts - (Statement Claim Add on
                                FRom Page 8 — xip to page 11)

State briefly exactly what you want the Court to do for you.

(1) I, the Plaintiff wish to ask the Honorable Court
And Judge - may (He) appoint An Attorney from
District Court 'or Federal Public Defender Service
to Represent me on this on going Law suit matter.
(2) I ask that the Defendants in this Law suit Be Bring
to Court in Concern of Trial Date As I mention on Relief
(page three) of this Complaint and motion. Also that I
Be Financial Rewarded for all Injuries And Damages
that Estimate up to $3-million Dollars≥≥. As my life
has Been Shattered and Displaced By multi Bad Exposure
of NEWS Televised mis-Information - in which Caused
An Defamation of Character And Discrimination Claim.
May this Court Grant me An Attorney to Further Issues.

Signed this 12 day of July, 2006.

Maurice Ceasar
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

7/12/06
(Date)

Maurice Ceasar
(Signature of Plaintiff)

Page (8) part (1)

(V.)

Statement of
Fact Claims (1)  (Continues)

permission and took my social security No.
and ranned it on the computer to Bureau of Prison
. Com or . Gov ... That (He) at Church Renovation
Building and 777 8th st. N.W. did this to Ridicule
me. Due to a mis-hap - that he had made and then
accused me the (Plaintiff) in this matter to have
Taken something in which I did not have.
Then the Church Receptionist or office Supervisor
Barred me from Renovated property (After) He took
a (Snap shot) Picture of me . I was there for part
work, To see was work Available on 4-17-06

Fact Statement (2) of Claims

This Person then - e-mails. News Stations Around
the metropolitian Area- within, I Believe, In mind
to get away with creating such mis-information
on the computer e-mail (that) it caused me to be
wanted For my own Back past Criminal History Info.
That was from 20 years ago - up to year 2002 And
They were in Reference to charges. that was No-papered
and Dismissed along with my convictions . This Defendant
made it look to the e-mailed-News media Stations
As If I was wanted For Just committing all offenses
That was (Said) on Bureau of Prison . Com of my Past
History . This was to get Society to come Forward
on me or to I.D. and have me Arrested .

Fact Statement (3) of Claims

when the media showed my (Stilled) Snap Shop
Barred Picture on Television Between the week
of 4-17-06 thru- 4-24-06 the on 6-4, 5, 2006,
I Recognized the Picture that was takened at
Church Renovated Building that He-The
Defendant At Church Gave to News Stations Reporters
Page (8) part (2)

V.



Fact Statement part of (3) of Claims

or Sources By E-mail / Fax / or textmessages ??
This person had the Five News media Stations
Named in this Lawsuit... as Defendants Display
Photo of me - and the Public when was watching
T.V. News at that time, picked up the mis-Led News
Coverage and cause people to panic when I was
out in Society and In my Community. Then I
was Informed By Friends and family whom
called me By Phone and who are witnesses to
the panic of the public.

Fact Statement (4) of Claims

Family - Friends and Employer They all said that
I was on the News, wanted for a String of Robberies
and Burglaries of Buildings and Churches and others.
I was Appalled By the attention that I have Received
I was stunned By such Information that wronged
me to the public. I was Depressed After It was
Showred on 6pm and 11pm News of all (5) Five
Channel (4), Channel (5), Channel (7), channel 8
And a News Broadcast. (However)
After the Next Day, Through A legal Source, I heard
they pulled it off the air - due to mis-Information
that was given to (Newsmedia) By their Sources.
That they Recognized themselves, something was
wrong with this News Report picture Coverage?
I did not know All of this was occurring until while I was
working and others phoned me - About the News.

Fact Statement (5) of Claims
            The Church Defendant Receptionist:
     I was arrested Due to the Warrent Report Affidavit
He Gave to police mpd and thats How I came into the
the prison system this time... His Report on me shows
that He is Tied into whats going on with the media.
                    (9)

Fact
Statement part of (5) of Claims

Defamation and Discrimination of Character
Case, in which I'm Filing. (He) the church Receptionist
or church supervisor at 777 8th St N.W. made a Bad
Frevolous attack on me, through using the news media
(5) Five T.V. Stations and sources to arrest me on
a stilled Photo picture of me in which (He) took with
out permission, in which mis leading information
mis-Led Everyone; The Newsmedia — The Public, the
Criminal Justice System and me who life has Be
displaced By the Rumers and lies

Fact Statement (6) of Claims

ON the WEEK around 4-17-06 AND 4-24-06
Especially June-4, 5, 2006 — when (they)
Channel (4), (5), (7), (8), and (9) News Reporters
and sources (said) to Public; I was wanted for
$10 To $20 — Ten to twenty charges and after
or at these Dates, Its Been 70 Days close, I am
(1) only arrested For 2 cases as it stands to day
one, is for what the news was warrant By the
church Defendant who Email or Contact News
media Stations (again) that Ties this matter
And Defendants to this Defamation of Character
Issue.

Fact Statement (7) of Claims

This matter was to Be-CONFLICTING — to Incriminate
me to the Criminal Justice System — So Now they on
June 4, 5, 2006 HAD Aired again ERRONEOUS NEWS
Report on me to get people to Come forward; Because
No-ONE NEVER came forward the 1st time they Aired it
in April-2006. The U.S. Attorney officer who is
the prosecutor on my case In Judge Dixon Court Room
(10)

(V.)

## Fact Statement of Part (A) of Claims

Is trying this hard to Close Cases on illegal News Coverage — That has Been misleading from the start. (He) Just Been Re-iterating Exposure of the same misleading news clipping to get the GrandJury to Endict me. (He) The U.S. Attorney officer / prosecutor showed it to the Public on 6-4-5-06 To have the Public Believe I was still on the Run in Society. By that old 4-06 News clipping And I was Right here in Jail. This was caused to Be a deception from criminal Government sources.

## Fact Statement (B) of Claims

By the (5) Five News media local stations at Channel (4), (5), (7), (9), and (9) sources / Reporters especially the Church Receptionist or Supervisor at 777 8th St. N.W. (and) criminal Justice U.S Attorney office prosecutor had all caused me to have my life Displaced By Defamation of Character Discrimination which has Injured me, mentally Emotionally — Depressed and stressed me out. This is a fact, that the News Coverage of this matter to the public is panicing and I am still appalled about where my life starts and Ends. I wish in fact To have this Civil Claim Complaint Law suit filed against all the above parties Involve at this time.

Continues                 **Relief I Request From court's**
From Page (8)

I, Maurice Ceasar, The Plaintiff is also Filing For Relief Compensately Due (1) PRUNITIVE And (2) monetary Damages, (3) Equitable Relief And Damages (4) Descrimination and Degred (5) Harrassment conditions And Damages, (6) criminal + media Defamation of Character Relief (7) Invaded Privacy act Injuries (8) Damages and Injuries (through) unlaw/Leaks against me through Reporters sources — and church personnel Receptionist Loss of Home And Jobs... (11)

U.S. District Court for the District of Columbia
Case No.: 1:06CV01506
Filed: 8/28/2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

OCT 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Maurice Ceasar,                          )
                                         )
                Plaintiff,               )
                                         )
        v.                               )        Civil Action No.  06-1506
                                         )
Local-NBC-News Station *et al.*,         )
                                         )
                Defendants.              )

## ORDER

For the reasons stated in the accompanying Memorandum, it is this _10th_ day of October
2006,

ORDERED that plaintiff's application to proceed *in forma pauperis* [# 2] is GRANTED;
and it is

FURTHER ORDERED that this case is DISMISSED without prejudice.  This is a final
appealable Order.

_Rosemary M. Collyer_
United States District Judge

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

OCT 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Maurice Ceasar,                              )
                                             )
                Plaintiff,                   )
                                             )
        v.                                   )           Civil Action No. 06-1506
                                             )
Local-NBC-News Station *et al.*,             )
                                             )
                Defendants.                  )

## MEMORANDUM

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, which

is accompanied with an application for leave to proceed *in forma pauperis*. The Court will grant

the application to proceed *in forma pauperis* and will dismiss the complaint for lack of subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal when it appears "that the

court lacks jurisdiction of the subject matter").

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available

only when a "federal question" is presented or the parties are of diverse citizenship and the

amount in controversy exceeds $75,000. A party seeking relief in the district court must at least

plead facts which bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)

Plaintiff, an inmate at the Correctional Treatment Facility in the District of Columbia,

sues local broadcasting stations and reporters for defamation. Jurisdiction is wanting under

§ 1331 because defamation is not a cognizable claim under the Constitution or federal law. *See*

*Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the

6

laws of most States, but not a constitutional deprivation."); accord *Mosrie v. Barry*, 718 F.2d 1151, 1159 (D.C. Cir. 1983). Jurisdiction is wanting under § 1332 because plaintiff and the defendants are listed as residing or working in the District of Columbia and therefore are not of diverse citizenship. Presumably, plaintiff may seek redress in the Superior Court of the District of Columbia. A separate Order of dismissal accompanies this Memorandum.

Date: 10/10/06

United States District Judge

- 2 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 28 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MAURICE CEASAR
D.C. D.C. #208-880
CCA / C.T.F.
1901 E street S.E.
Washington D.C. 20003
          vs.

CASE NUMBER  1:06CV01506

JUDGE: Unassigned

DECK TYPE: Pro se General Civil

DATE STAMP: 08/28/2006

To whom Reported (This Broadcast) c/o (This Civilclaim):
Related Claims c/o Sources, Leaks, Reporters:
(Five) NEWS Local Stations
And media Broadcasting Services
Services which ARE NAMED HERE IN: AS DEFENDANTS:

   Sources and Reporters
(1) Local - N B C - NEWS station
     W R C Broadcast channel (4) Service

(2) Sources and Reporters
Local - Fox - NEWS Station - Channel
WTTG (5) media Broadcast
Service.

(3) Sources and Reporters
Local - A B C - NEWS Station
Channel WJLA (7) media
Broadcast Service

(4) Sources and Reporters
Local - Channel 9 NEWS
media Broadcast Service.

**RECEIVED**

AUG 11 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(1)

PG.
(2) of PAGE (1)

VS.

(5). Sources and Reporters.
Local CBS - Channel (9)
WUSA - Media Broadcast

(6) Judiciary Center Government
U.S. Attorney Office
555 4th Street N.W.
Washington D.C. 20001.

(7) Church Renovation Building
Complainant for My Arrest, affidavit
Report at: 777 8th Street N.W.
Washington D.C. 20001

Filing Lawsuit Complaint for Violation
of Civil Rights / Civil Rights Act[42] U.S.C. §1983
= Complaint =
In Reference to Defamation - Discrimination
of Character, By News Media - Local Station's
Sources and Reporters, who Televised Broadcast.
= Facts =
Due To: False Information sent to News Medias
Local Sources and Reporters in metropolitan
Area, without Confirmation to see whether Info-
rmation sent was active or in-active, Channel (4),
Channel (5), Channel (7), Channel (8), and Channel (9)
Local News Stations Televised the mis-Information
In which on 4-23-06 and After that Day on 4-24-0
I was shown To Public - However pulled of the air
Due To: Sources Realizing Reporting Information
was wrong * However, This has Cause the Public to Panic
and By may 9, 2006, I Maurice Ceasar was arrested
(2)

IN REFERENCE TO the IRREGULARITIES AND INCONSIST-
encies of this matter of Claim.

= Relief =

(Plaintiff)

I, MAURICE CEASAR, IS Filing this civil Complaint
for the Defamation and Discrimination of character.

Especially for False Information sent to the
(5) Five News Local stations whom sources
and Reporters Televised me wrongfully. Also
other Parties who caused this type of Delima
In which I have Name in this civil complaint

(Relief action)

= REQUEST =

I, MAURICE CEASAR, (Plaintiff)

(1) SEEK FROM the Court Relief, To have an court
appointed Attorney assigned to Represent me.

(2) May this Honorable court, Bring those who Reported
The mis-Information, or News media's sources
Executives who pulled the Televised Report off
The air, After Defamation of character issue
has cause a Panic To Public.

(3) I wish to set a trial By Jury and ask this
Honorable Court To HAVE EACH NEWS Station that
is Responsible to Reveal the Names of EACH
Source and Reporter to stand trial for this
Discrimination and Slander; AS WELL AS Degrade
of My Privacy.

(4) May I ask This Honorable Court — That I am Request-
ing Financial Relief in Damages and Injuries, In which

(3)

2.    Did you complain in writing? (Furnish copy of the complaint you made, if you
      have one.)    Yes (X)    No ( )

3.    What, if any response did you receive? (Furnish copy of response, if in writing.)
      Verbal Response By Phone tells that I should File
      Law Suit

4.    What happened as a result of your complaint?  only told to file
      Law Suit in D.C. District Court to Bring
      Forward the Sources + Reporters that
      Violated my constitution/civil Rights
      By Defamation of Character.

IV.    **PARTIES**

In item A below, place your name and prison number in the first blank and your present address
in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff: MAURICE CEASAR  *  20R-880
      Address: 1901  E  Street  S.E.  -W.D.C. 20003

In item B below, place the full name of the defendant(s) in the first blank, their official position in
the second blank, their place of employment in the third blank, and their address in the fourth
blank. Do the same for additional defendants, if any.

B.    Defendant: Sources and Reporters - Defendants
      Local - NBC - News Station / WRC Broadcast
      Address: Channel(4) News 400 Nebraska Ave. NW
               Washington, DC

      Defendant: Sources and Reporters - Defendants
      Local - FOX - News Station / WTTG Broadcast

      Address: Channel(5) News, 2201 C St. NW
               Washington, DC

      Defendant: Sources and Reporters - Defendants
      Local - ABC - News Station / WMLA-WJLA

      Address: Channel(7) Broadcast  1717 DeSales St. NW
               Washington, DC

      Defendant: Sources and Reporters - Defendants
      Local Channel(8) News media Broadcast

      Address: Channel 8

V.    **STATEMENT OF CLAIM**

State here briefly as possible the facts of your case. Describe how each defendant is involved.

(6)

continuous                                                      ‖ Add on ‖
                                                               ‖ Sheet ‖

IV. Parties (B.)
   |Defendants|

Defendants: Sources and Reporters
Local CBS - New Station / WUSA Media Broadcast

Address: Channel (9) News. 2020 M St. NW Washington, DC
                           W. D.C.


Defendants: Judiciary Center Government
            U.S. Attorney office
Address: 555 4th street N.W.
         Washington D.C. 20001


Defendants:
Supervisor / Receptionist

Address:              Church Renovation Building
         777 8th street N.W. /W.D.C. 20001


(7)

Statement of claim:

**(V.)** Include the names of other persons involved, dates, and places. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra sheets, if necessary.

(1) ON April — week through the 17 — thru About 24, 2006 This is when the incident and News Reporters showed my still picture and my past history of criminal cases to the public — which was Bad media Exposure which was misLeading And Caused A Defamation of Character problem that has now Displaced my life. Channel (5), (4), (7), (8), And (9) Reported and Televised the mis-Information Given By the Complainant who warrant me By Affidavit to Be Arrested at the Church Renovation Building who obviously mis read — my Criminal History information that He Illegally took my (tax Income W-2 forms) without my

**VI.    RELIEF**          Facts — (Statement Claim Add on from page 8 — up to page 11)

State briefly exactly what you want the Court to do for you.

(1) I, the Plaintiff wish to ask the Honorable Court and Judge — may (He) Appoint An Attorney From District Court or Federal Public Defender Service to Represent me on this on going Law suit matter.

(2) I ask that the Defendants in this Law suit Be Bring to court in concern of trial Date as I mention on Relief (page three) of this complaint and motion. Also that I Be Financial Rewarded for all Injuries and Damages that estimate up to $3 - million Dollars $$ as my life has Been Shattered and Displaced By multi Bad Exposure of News Televised mis-Information — in which caused An Defamation of Character and Discrimination Claim. may this court court me an Attorney to Further issues

Signed this _____ day of _____, 2006.

*Maurice Ceasar*
(Signature of Plaintiff)
2006

I declare under penalty of perjury that the foregoing is true and correct.

_____/06_____
(Date)

*Maurice Ceasar*
(Signature of Plaintiff)
-006

m:\Forms\42 USC 1983

Page (8) part (1)

Statement
Fact Claim (1) (continues)

permission and took my social security No.
and ranned it on the computer to Bureau of Prison
. Com or . Gov . . . That (He) at Church Renovation
Building and 777 8th st. N.W. did this to Ridicule
me. Due to a mis-hap that he had made and then
accused me the (Plaintiff) in this matter to have
taken something in which I did not have.
Then the Church Receptionist or office Supervisor
Barred me from Renovated property (After) he took
a (Snap shot) Picture of me . . . I was there for part
work, to see was work available on 4-17-06

Fact Statement (2)

This Person then E-mails News Stations Around
the metropolitan Area within, I Believe, In mind
to get away with creating such mis-Information
on the computer E-mail (That) it caused me to Be
wanted for my own Back Past criminal History Info.
That was from 20 years ago - Up to year 2002. And
They were In Reference to charges that was No-papered
and Dismissed along with my convictions. This Defendant
made it look to the E-mailed News media Stations
as If I was wanted for Just committing all offenses
That was (said) on Bureau of prison. Com of my Past
History. This was to get Society to come forward
on me or to I.D. and have me Arrested.

Fact Statement (3)

When the media showed my (stilled) snap shot.
Barred Picture on Television Between the week
of. 4-17-06 thru- 4-24-06 then/on 6-4, 5, 2006,
I, Recognized the Picture that was takened at
Calvary church Renovated Building that He-The
Defendant at church Gave to News Stations Reporters
PAGE (8) PART (2)

Fact Statement part of (3)

OR Sources By Email / Fax / or textmessages ??
This person had the Five NEWS media Stations
named in this Lawsuit... as Defendants Display
Photo of me — and the Public when was watching
T.V. NEWS at that time picked up the misled news
Coverage and cause people to panic when I was
out in Society and In my community. Then I
was Informed By Friends and Family when
Called me By Phone and who are witnesses To
the panis of the public.

Fact Statement (4)

Family — Friends and Employer They all said that
I was on the news, wanted for a string of Robberies
and Burglaries % Buildings and Churches and others.
I was appalled By the attention that I have Received
I was stunned By such Information that wronged
me to the public. I was Depressed after. It was
Showered on 6pm and 11pm NEWS of all (5) Five Channel
Channel (4), Channel (5), Channel (7) Channel 8
and 9 NEWS Broadcast. (However).
After the next Day — Through a legal Source, I heard
they pulled it off the air — due to mis-Information
that was given to (NEWS media) By their Sources,
That they Recognized themselves, Something was
wrong with this news Report picture Coverage.?
I did not know All of this was occurring until while I was
working and others phoned me — About the NEWS.

Fact Statement (5)
The Church Defendant Receptionist:
I was arrested Due to the warrent Report affidavit
He Gave to police mpd — and thats how I came into the
the prison system this time... His Report on me shows
that He is Tied into whats going on with the media,
(9)

Fact
Statement part of (5) of Claims

Defamation and Discrimination of Character
case, in which Im Filing. (He) the Church Receptionist
or Church Supervisor at 777 8th St. N.W. made a Bad
Frivolous attack on me, through using the news media
(5) Five T.V. Stations and Sources to arrest me on
a stilled Photo picture of me In which (He) took with
out permission, in which mis Leading information
mis-Led Everyone. The newsmedia - The Public, the
Criminal Justice System and me who life has Been
displaced By the Rumors and lies

Fact Statement (6) of Claims

On the WEEK arround 4-17-06 and 4-24-06
Especially June - 4, 5, 2006 - when (they)
Channel (4), (5), (7), (8), and (9) News Reporters
And Sources (Said) to Public; I was wanted for
#10 To #20 - Ten to twenty Charges and after
or at these Dates, Its Been 70 Days close, I am
only arrested For 2 Cases as it stands Today
(1) one, is For what the news was warrent By the
Church Defendent who Email or Contact News
media stations (again) that Ties this matter
And Defendants To this Defamation of Character
Issue.

Fact Statement (7) of Claims

This matter was to Be-Conflicting - to Incriminate
me to the Criminal Justice System. So now they on
June 4, 5, 2006 Had Aired again Erroneous News
Report on me to get people to come Forward; Because
No-one Never came forward the 1st time They Aired it
in April-2006. The U.S. Attorney office who is
the prosecutor on my case In Judge Dixon Court Room
(10)

(V.)

Fact Statement of Part (I) of Claims

Is trying His hard to Close cases on Illegal
News coverage - That has Been misleading from
the Start. (He) last Been Re-iterating Exposure
of the same misleading news clipping to get the
Grand Jury to Indict me. (He) The U.S - Attorney
officer / Prosecutor showed it to the Public on
6-4-5-06. To have the Public Believe I was still
on the Run in Society - By that old 4-06 News clipping
And I was Right here in Jail. This was Caused to
Be a deception from Criminal Government Sources.

Fact Statement (B) of Claims

By the (5) Five News media local Stations at
Channel (4), (5), (7), (8), And (9) Sources / Reporters
Especially the Church Receptionist or Supervisor at
777 9th St. N.W. (and) Criminal Justice
U.S Attorney office prosecutors had All caused
me to have my life Displaced By Defamation of Character
Discrimination which has Injured me, mentally
Emotionally - Depressed and Stressed me out. This
is a fact, that the News coverage of this matter to
the public is panicing and I am still Appalled about
where my life Starts And Ends. I wish in fact
To have this Civil claim Complaint Law suit Filed
Against all the above parties Involved at this time.

Continues _____   Relief & Request From Court:
From Page (5)
I, Maurice Ceasar, The Plaintiff is also Filing For Relief.
Compensatedly Due, (1) Punitive and (2) Monetary Damage:
(3) Equitable Relief and Damages, (4) Descrimination And Degree
(5) Harrassment conditions And Damages, (6) Criminal & Media
Defamation of Character Relief (7) Invaded Privacy Act Injuries
(8) Damages And Injuries (through) unlaw/Leaks against me
through Reporters Sources - And Church personnel Receptionist
Loss of Home And Jobs - · (11) _____

Superior Court of the District of Columbia
Civil Action No.: 2007 CA 002362 B
Filed: 3/29/2007

D.C. Superior Court
07 May 21 P03:46
Clerk of Court

### IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | | |
|---|---|---|
| MAURICE CEASAR, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No. 07ca002362 B** |
| | ) | **Cal. No. 9** |
| v. | ) | **Judge Jennifer Anderson** |
| | ) | **Next Event: 7/6/2007** |
| | ) | **Initial Scheduling Conference** |
| WASHINGTON TIMES NEWSPAPER | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT

Upon consideration of Defendant's Motion To Dismiss Complaint With Prejudice

("Motion), the record herein, there being no opposition, and it appearing to the court that

Washington Times Newspaper is not a legal entity capable of being sued, it is this 18th day of

May 2007, hereby

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint shall be **DISMISSED**.

_Jennifer M. Anderson_

_____

Jennifer M. Anderson
Associate Judge

Copies to:

Allen V. Farber, Esq.
John D. V. Ferman, Esq.
DRINKER BIDDLE & REATH, LLP
1301 K Street, N.W.
Suite 900
Washington, D.C. 20005


Maurice Ceasar
D.C. # 208-880-CCA/C.T.F.
1901 E Street, S.E.
Washington, D.C. 20003

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

FILED
CIVIL ACTIONS BRANCH
MAR 29 2007
SUPERIOR COURT
Plaintiff THE DISTRICT OF COLUMBIA
WASHINGTON, DC

MAURICE CEASAR #208-880
CCA / CTF - D4 B UNIT
1901 E Street S.E.
Washington, D.C. 20003

vs.

CIVIL ACTION NO. _____ 0002362-C.

WASHINGTON Times Newspaper (Publisher, Executive, Reporter and)
3600 NEW YORK AVE. N.E. ( Source · Journalist
WASHINGTON, D.C. 20002

SERVE:

*Defendants*

**COMPLAINT**

1.  Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

Washington times Reporter, Publish mis Information About
Thefts that I Never Done. in which this was a top Story
Event they then spoke with those people and had there
story published. due to that mis Information that was
passed on By Television News Stations they Did Not
Investigate or confirm whether Information given
By Paul Rosstead and others was true or conducted,
This has misplaced my life. Because there Never was no strings

**Wherefore, Plaintiff demands judgment against Defendant in the sum of $** _25,000.00_
**with interest and costs.** of Charges that they published !?

Phone: _____

DISTRICT OF COLUMBIA, SS

_MAURICE CEASAR_____, being first duly sworn on oath deposes and says that the
foregoing is a just and true statement of the amount owing by defendant to the paintiff, exclusive of all
set-off and just grounds of defense.

_Maurice Ceasar_
(Plaintiff _____ Agent)

Subscribed and sworn to before me this __25th__ day of __March__ 20 __07__.

_Shameka C. Bivens_
(Notary Public Clerk)

FORM CV-1013 Nov. 00

SHAME'KA C. BIVENS
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30, 2011

Case: 2007 CA 002362 B

2316563 CLIPPERK 04/02/2007 1:56:10 PM

SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

SCR-CIV-Civil Division

MAURICE CEASAR                                    March 24, 2007
D.C.# 208-880-CCA/C.T.F.
1901 E Street S.E.                                 Case No. 2007
Washington, DC 20003


(VS)                                              ᘁ002362-07


Washington Times Newspaper
3600 New York Avenue N.E.
Washington, DC 20002


Filing Lawsuit Complaint for Violation of Civil Rights /Civil Rights Act SCR-CIV. Sec 11-921


COMPLAINT
SCR-CIVIL

In reference to Defamation and Discrimination of Character by news media, local station's sources and reporters who televised and printed in newspaper columns.

FACTS

Due to: Falsely incriminating me as well as providing false information sent to news medias and associated press for Metropolitan area, which includes the local sources and Reporters. This was sent without confirmation of the story to see whether information

sent by both Police Officer and Renovation Church Administrator, Paul Rosstead, to Washington Times Newspaper Association who printed the story with misleading information given to cause harm and was recklessly disregarded of the truth, that when published caused a panic to the public interest wrongfully and misleading. I was displaced by all of this, which sources and reporting persons did not confirm thoroughly but thought they had a story to publish as a high profile case.

I was later arrested in reference to the irregularities and inconsistencies of this matter of claim and not for a string of robberies and burglaries as they reported.

RELIEF

(Plaintiff)

I, Maurice Ceasar, am filing this civil complaint for the invasion of my rights of having a private and normal life without someone using my Federal W-2 Forms and Social Security Number to go online on personal computers to shop around on my name to defame me and discriminate against my character recklessly.
I am filing for false information sent to the six defendants named in this matter which sources and reporters published and printed against me wrongfully and other parties who caused the type of dilemma, which I named in this Civil Complaint.

(Relief Action)

REQUEST

I, Maurice Ceasar, (Plaintiff),

(1) Seek from this Honorable Court relief to have a court appointed attorney Pro Bono to represent me.
(2) May this Honorable Court bring those who reported the misinformation or the newspaper publishers and executive's sources who printed these allegations of deception and defamation of character falsely stating a string of charges and felonies to cause panic to the public.
(3) I wish to set a trial by jury and ask this Honorable Court to have each newspaper media organization that is responsible to reveal the names of each source and reporter so they can stand trial for this type of non-confirmed issue, slander and discrimination as well as degrading me to the public resulting in my incarceration.
(4) May this Honorable Court know that I am asking financial relief in damages and injuries in which I, Maurice Ceasar, whose whole life was dishonored and displaced punitively, monetarily, economically, emotionally and equitably. I am asking in finding by this court an amount of $25,000 to $75,000 from The Washington Times newspaper named in this claim (under Civil Rights Act SCR-CIVIL) 1983).

_____          _____
Date                                            Signed


_____          _____
Date                                            Notary


                                        _____
                                        Signed

I.    SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?        Yes ( )        No (X)

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment?        Yes ( )        No (X)

C.    If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to this previous lawsuit.

Plaintiffs: _____0_____

Defendants: _____0_____

2.    Court (If federal court, please name the district; if state court name the county.)
_____0_____

3.    Docket number: _____0_____

4.    Name of judge to whom case was assigned: _____0_____

5.    Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)
_____0_____

6.    Approximate date of filing lawsuit: _____0_____

7.    Approximate date of disposition: _____0_____

III.    PLACE OF CONFINEMENT
    CCA/C.T.F.    E/2A Unit

    1901 E Street S.E., Washington, D.C. 20003

A.    Is there a prisoner grievance procedure in this institution? Yes ( )        No (X)
    If your answer is Yes, go to Question III B. If your answer is No, skip Questions,
    C and D and go to Question III E.

B.    Did you present the facts relating to your complaint in the prisoner grievance
    procedure?        Yes ( )        No (X)

C.    If your answer is Yes to Question III B:

    1.    To Whom and when did you complain? This matter occurred while I was
        out in society before arrest.

    2.    Did you complain in writing? (Furnish copy of the complaint you made, if
        you have one.)    Yes (X)        No (X)

    3.    What, if any, response did you receive? (Furnish copy of response, if in
        writing.) Officers and staff at D.C. Jail came to me due to news report

    4.    What happened as a result of your complaint? Outside of jail issue

D.    If your answer is No to Question III B, explain why not. This matter occurred
    while I was out in society before I was warranted and arrested between April 2006
    and May 9 2006.

E.    If there is no prison grievance procedure in the institution, did you complain to
    prison authorities?        Yes ( )        No (X)

F.    If your answer is Yes to Question III E;

    1.    To whom and when did you complain? When I was out in society, to
        attorneys, family, friends on my job.

    2.    Did you complain in writing? (Furnish copy of the complaint you made, if
        you have one.)        Yes (X)        No ( )

    3.    What if any response did you receive? (Furnish copy of response, if in
    writing.)
        Verbal response by phone calls that I should file a lawsuit.

4. What happened as a result of your complaint? I was only told to file a lawsuit in D.C. Superior Court to bring forward the sources and reporters that violated my constitutional/civil rights by defamation of character.

IV    PARTIES

In item below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff: Maurice Ceasar # 208-880
       Address: 1901 E Street S.E. Washington, D.C. 20003

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank. Do the same for additional defendants, if any.

Defendant: Washington Times Association, Sources and Reporters, publisher and Executives

V.    STATEMENT OF CLAIM

(1) During the period from April 17, 2006 through April 24, 2006, the news reporters showed my picture to the public and proceeded to use misleading and libelous information about my past history to the public. This was bad media exposure, which was not honest or correct and resulted in a defamation of character problem that has now displaced my life. Television stations (4), (5), (7), (8), and (9) reported and televised the misinformation given by the complainant who requested a warrant by affidavit for my arrest at the church building renovation project. He obviously misread my past history information that he took from my personal papers including my income tax W-2 forms without my permission. He took my social security number and ran it through a computer to the Bureau of Prisons web site. He did this to ridicule me due to a mistake he had made and then accused me of taking something which I did not take or have. This happened at the church renovation building at 777 8th Street, NW. The church receptionist then barred me from the renovation property after they took my photograph. I had come into the building on April 17, 2006 looking for part time work and to see if work was available.

(2) This person then e-mailed misleading information to news stations around the Metropolitan area with the intention, I believe, to create misinformation on the computer internet which caused me to be wanted for my own past criminal history information. That record was from 20 years ago up to the year 2002 and was in reference to charges that were dismissed along with my convictions. This defendant made it look to the E-Mailed news media stations that I was wanted for committing the offenses that was on the Bureau of Prisons web site of the past history, which had been stricken from the record but not yet removed from the web site. This was to get society to come forward against me or to identify me and have me arrested.

(3) When the media showed the snapshot picture of me on television between April 17 and 24, 2006 and then again on June 4 and 5, 2006. I recognized the picture that was taken at the Calvary Church building renovation that the defendant gave to the news stations reporters or sources by e-mail, Fax or text messages. This person had the five news media stations and five newspapers, named as defendants in this lawsuit display the photo of me when the public was watching the TV news coverage and reading the newspapers. This caused people to panic when I was seen out in society and in my community. I was then informed, by my friends and family, who called me by phone and who are witnesses to the panic of the public.

(4) My family, friends and employer told me that I was in the news and was wanted for a string of robberies at buildings, churches and others. I was appalled by the attention that I had received. I was stunned by such information that wronged me in the eyes of the public and in the newspapers. I was depressed after it was shown on the 6 pm and 11pm news on all five news channels and shown in the newspapers. However, after the next day, through a legal source, I heard they pulled it off the air due to misinformation that was given to the news agencies by their source. They recognized that something was wrong with this news report picture coverage. I did not know that all of this was occurring until others phoned me while I was working.

(5) I was arrested due to the warrant report affidavit the church defendant, administrator, Paul Rosstead, gave to the police. That is how I came into the prison system this time. His report on me indicates that he is tied into the news media sources of the defamation and discrimination of character case, which I am filing. He made a bad frivolous attack on me by using the news media, ten TV stations and newspaper sources to arrest me on the basis of a still photograph of me, which he took without my permission. He also provided incorrect information, misleading everyone, the news media, the public and the criminal justice system. This all has disrupted my life, put me in prison and caused me untold suffering due to these rumors and lies.

(6) When the five TV stations first reported the untrue statements in April and again in June, 2006, they told the public that I was wanted for 10 to 20 charges but after some 70 days this was reduced to two charges. One of these charges was due to the warrant by the church defendant who again sent e-mails to the stations tying this matter and defendants to the defamation of character issue.

(7) This matter was intended to be conflicting to incriminate me in the Criminal Justice System. The airing on June 4 and 5, 2006 of the erroneous news was to get people to come forward since they had no response from the previous airing in April. The U.S. attorney officer who is the prosecutor on my case in Judge Dixon's court is trying to close cases on illegal news coverage that has been misleading from the start. She has been reiterating exposure of the same misleading news clippings to get the Grand Jury to indict me. The prosecutor showed it to the public on June 4 and 5, 2006 to have the public believe that I was still on the run in society but I was right here in jail. This was the cause of a deception from criminal government sources.

(8) The five news media stations, (channels 4, 5, 7, 8, and 9), their sources and reporters and four newspaper associations for the DC Metropolitan area especially the church Janitor and supervisor at 777 8th Street N.W. and the Criminal Justice U.S. attorney office prosecutor had all caused me to have my life displaced by defamation of character and discrimination which has injured me mentally and emotionally leading to depression and utmost debilitating stress. It is a fact that the news coverage of this matter to the public has caused panic among my friends and family. I am still appalled about where my life starts and ends. I wish to have this civil claim complaint law suit filed against all the above parties.

(9) These Defendants violated my Private Rights Act to liberty simply because I had a criminal history past. This has undone my reputation with public freedom, speech, work and housing. This is more than defamation however, more than publishing false charges and malicious comments. This was done with over reacting and with conscious deception.

(10) Paul Rosstead was being vary slanderous because of hate or anger without any cause by me. One slander tactic employed was for the source or government to use my past history case which had been dismissed and charges cleared. They intended to create a series of untrue cases to charge against me. This took away the liberty and freedom that I had before my arrest. Untrue statements were made on the news media and in an affidavit. The Defendant or source misled the public by stating that I was wanted for a string of charges. That statement was intended to be created or concocted thru announcement of false charges on the news broadcasts. When it wasn't confirmed, it was printed by the newspaper publishers/executives.

(11) In this matter, somehow by internet or by an officer, one of the workers who is not an MPD officer or in the law enforcement or security field stated that he had a mug shot picture of me from 1988. He used that picture and said that he had it in his work file at the Calvary Baptist Church Renovation Building. I do not know for what reason he had that picture or where he got it. I never had any affiliation with him at any time in 1988. I was working for a law firm at Neal Gross, Inc. court reporting service at 1326 Rhode Island Ave. N.W., then at Capitol Hill Reporter once at 1825 K Street N.W. under Mr. Herb and Mary Kroll. I do remember an arrest, but was fined for charge. Wherever this worker as Mr. Rosstead said he had received the mug shot of me and my social security

number is very vague and has no reason to be in the hands of a janitor or office file in 1988.

(12) I also wish to let this honorable court know that I was incarcerated in 1998 to 2001. This defendant administrator at Calvary Baptist Church Renovation building stated that he saw me at that facility in the mid 1990s and in between 2000 and 2001. At that time I was incarcerated in Lorton, VA, then at Youngstown, Ohio and in 2002 to 2003 at Rivers, North Carolina (Waukenhut Institution). The identity of who they had in mind was not me. This concocted story that they created in a case I was forced to plea in order to avoid the hearsay of my being confronted about a church issue that happened in this recent event was also acted out when the administrator would not return my W-2 forms that I was to file later that day. Because of his state of mind at the time he took my folder with all my legal tax paper data, W-2 federal tax forms and my social security number and used the data on line through a computer. He did this with intent to expose my information and he posted my still photograph, which he took without my permission around the church areas and other locations in other metropolitan areas. This had obviously caused a panic to the public on the day they aired news on the local broadcast news stations to defame me without proof that I committed the large string of felony cases at particular properties and buildings. The newspaper publishers, reporters and sources printed this false information that wronged me as a high profile criminal.

(13) He, (this defendant) also slandered me maliciously stating that I was a thief and burglar which, I believe, he created around my past legal history and the data he received off the government information web sites to concoct his report. The administrator took my true past history and used it illegally and maliciously to invent this type of exposure. He then gave this misleading data to the MPD officers and to the news media. Some source or a connection with the church administrator or information provided by an officer of the MPD was thus provided the opportunity to televise his concocted story about my being a person wanted for a string of robberies and burglaries from properties and buildings in certain areas which was totally untrue.

(14) All of my legal information was in a yellow brown type closed folder that was taken when I went into the church renovation building. How was it that my information was exposed even in an affidavit and the person using my personal information had stated my name, social security number and birth date? I truly believe Mr. Rosstead and employees used my W-2 form information to go online and that on that recorded date or dates their computer or web sites will prove that they used my W-2 form which is a federal violation without my permission. They also used my social security number to get more information about my private and personal life. This data was sent to the local news agencies, who did not confirm the date given by sources or Mr. Paul Rosstead as being true or concocted. This was apparently the result of his bitterness and attack toward me. That he used his anger as well as deception intended information to invent this data is presented to this court c/o civil complaint.

(15) There was never any string of felony cases committed by me. There was never any charges of robberies or burglaries of properties and buildings, not even any complaints

when I was warranted for my present arrest. The two theft charges that I am being forced to accept in a plea bargain was established by the prosecutor and then changed to burglary II, once again by the prosecutor. I have several witnesses who have seen these local news broadcasts and newspaper articles which slandered me and has displaced my privacy, job expectations and housing. If I was to ever be in the public where my liberty is degraded and my character defamed due to what has occurred as multi-misleading by everyone who knows my identity in society as not what the newspaper associations and television stations broadcasted and printed.

RELIEF

(Plaintiff)

I, Maurice Ceasar, am filing this civil complaint for the invasion of my rights of
having a private and normal life without someone using my Federal W-2 Forms and
Social Security Number to go online on personal computers to shop around on my
name to defame me and discriminate against my character recklessly.
I am filing for false information sent to the six defendants named in this matter which
sources and reporters published and printed against me wrongfully and other parties
who caused the type of dilemma, which I named in this Civil Complaint.

(Relief Action)

REQUEST

I, Maurice Ceasar, (Plaintiff),

(1) Seek from this Honorable Court relief to have a court appointed attorney Pro
Bono to represent me.
(2) May this Honorable Court bring those who reported the misinformation or the
newspaper publishers and executive's sources who printed these allegations of
deception and defamation of character falsely stating a string of charges and
felonies to cause panic to the public.
(3) I wish to set a trial by jury and ask this Honorable Court to have each newspaper
media organization that is responsible to reveal the names of each source and
reporter so they can stand trial for this type of non-confirmed issue, slander and
discrimination as well as degrading me to the public resulting in my incarceration.
(4) May this Honorable Court know that I am asking financial relief in damages and
injuries in which I, Maurice Ceasar, whose whole life was dishonored and
displaced punitively, monetarily, economically, emotionally and equitably. I am
asking in finding by this court an amount of $25,000 to $75,000 from each of
these multi defendants named in this claim (under Civil Rights Act SCR-CIVIL)
1983).

Maurice/ March 30, 2007      Maurice Ceasar
_____     _____
Date                    Signed