UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAURICE CEASAR : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No.   08-350RJL |
| : | |
| PAUL ROSSTEAD, : | |
| : | |
| Defendant. : | |
| _____ : | |

### MOTION TO DISMISS AMENDED COMPLAINT AND OPPOSITION TO MOTION TO STAY

COMES NOW the defendant, Paul Rosstead, by and through counsel, and pursuant to Rule 12(b)(1) and 12(b)(6), files this Motion to Dismiss the plaintiff's Amended Complaint and Opposition to Motion to Stay. In support thereof, defendant states as follows:

1. On or about March 13, 2008, the plaintiff Maurice Ceasar filed his present Complaint in the United States District Court for the District of Columbia asserting claims of slander, defamation and a violation of his civil rights pursuant to 42 U.S.C. Section 1983.

2. On or about April 14, 2008, Ceasar voluntarily withdrew his Section 1983 claim leaving only state law defamation and slander claims.

3. As a result of Ceasar withdrawing his Section 1983 claim, there is no longer any federal question in the present suit, and Ceaser can maintain this action in Federal Court only upon a showing of diversity of citizenship.

4. At the time he filed this suit, Ceasar was an inmate at the Allenwood Federal Correction Institute in White Deer, Pennsylvania.

5. Prior to his incarceration, Ceasar was a resident of the District of Columbia.

6. Ceasar's criminal trial was conducted in the Superior Court for the District of Columbia, and he was incarcerated in the District of Columbia jail.

7. Defendant Paul Rosstead is a resident of the District of Columbia.

8. Federal case law consistently holds that, for purposes of diversity, an inmate's domicile is the state in which he lived prior to his incarceration.

9. Because both Ceasar and Rosstead are residents of the District of Columbia, there is no diversity of citizenship in this case and the United States District Court for the District of Columbia, and this court lacks subject matter jurisdiction to hear Ceasar's claim.

10. In the alternative, should the Court determine it retains subject matter jurisdiction over plaintiff's remaining claims, defendant asks that those claims be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

11. On April 11, 2008, plaintiff filed a Motion to Stay or Dismiss his Complaint without prejudice. Plaintiff's grounds for such motion are that he will be incarcerated until some undetermined point in 2010, and he is unable to pursue his case fully until that time. Defendant asks that plaintiff's motion be denied, as plaintiff's claims are ripe for dismissal now, and granting plaintiff an additional two years to pursue his claim will not remedy any of the defects in his claims.

---

[1] The grounds and arguments for defendant's 12(b)(6) are identical to those raised in his 12(b)(6) motion filed in response to the original complaint. None of the deficiencies from the Original Complaint have been cured, and therefore, defendant realleges and incorporates by reference the arguments and exhibits included in it is Original 12(b)(6) Motion to Dismiss.

12. Furthermore, permitting plaintiff such broad leeway in determining the timeframes within which he may pursue his claims acts as a severe prejudice against the defendant who has already been faced with numerous frivolous complaints from the plaintiff, as more fully described in defendant's Memorandum of Points and Authorities accompanying the present Motion.

WHEREFORE, as more fully developed in the accompanying memorandum of points and authorities, Mr. Rosstead requests that this Court grant his motion to dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief may be granted. Defendant further requests that Plaintiff's Motion to Stay or Dismiss Without Prejudice be denied; that his Complaint be dismissed with prejudice; and that the Court award Rosstead his costs and attorney's fees expended herein.

Dated: May 1, 2008

Respectfully Submitted,

/s/   Brian A. Cafritz
Brian A. Cafritz (D.C. Bar No. 456687)
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300
(804) 320-6312 (fax)
Brian.Cafritz@kpmlaw.com

**Counsel for Defendant, Paul Rosstead**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above Motion to Remand was mailed, first class, postage pre-paid, this 1st day of May, 2008 to:

Maurice Ceasar
Allenwood Medium- F.C.I.
R# 09747-007 A-1 Unit
PO Box 2000
White Deer, PA 17887


                    /s/     Brian A. Cafritz

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR                          :
                                        :
    Plaintiff,                      :
                                        :
v.                                      :    Case No.    08-350RJL
                                        :
PAUL ROSSTEAD,                          :
                                        :
    Defendant.                      :
_____          :

**PAUL ROSSTEAD'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF HIS MOTION TO DISMISS AND OPPOSITION TO MOTION TO STAY**

    COMES NOW the defendant, Paul Rosstead, by and through counsel and files his Memorandum of Points and Authorities in Support of his Motion to Dismiss the Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and Opposition to Motion to Stay. In support thereof, defendant states as follows:

**Background**

    On or about January 6, 2007, the plaintiff filed a Complaint with the Superior Court for the District of Columbia ("First Complaint") against defendant based on unclear allegations of defamation. (See Exhibit A to Defendant's Original Motion to Dismiss). Defendant filed a Motion to Dismiss and in the Alternative, a Motion for More Definite Statement. On March 2, 2007, the Superior Court granted the Motion for More Definite Statement and ordered the statement to be filed within 21 days. (See Exhibit B to Defendant's Original Motion to Dismiss). Plaintiff failed to file such statement. As a result, defendant renewed his Motion to Dismiss, and on April 27, 2007 such motion was granted. (See Exhibits C and D to Defendant's Original Motion to Dismiss).

    On October 12, 2007, plaintiff filed another Complaint ("Second Complaint") alleging, almost verbatim, the facts and theories contained in the First Complaint. (See Exhibit E to Defendant's Original Motion to Dismiss). Defendant again filed a Motion to Dismiss which

was granted, and an Order was entered to that effect on November 27, 2007. (See Exhibit F to Defendant's Original Motion to Dismiss).

Plaintiff has now, for the third time, filed a Complaint alleging the same facts and theories as his two prior Complaints. The plaintiff has moved to amend his most recent Complaint ("Third Complaint") to remove his claims filed pursuant to 42 U.S.C. Section 1983, leaving only his claims of slander and defamation.

Plaintiff can maintain a suit in federal court on only two bases. He must plead that either there is a federal issue in his claim or that there is diversity of citizenship between the parties. In the Third Complaint, Plaintiff made a claim under 42 U.S.C. Section 1983. This claim, however, was voluntarily withdrawn by the Plaintiff on or about April 11, 2008. Therefore, plaintiff may only maintain the present suit in federal court if there is diversity of citizenship. Plaintiff is unable to do this, and his remaining counts against Rosstead should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. If the Court determines that it does have subject matter jurisdiction over this matter, the remaining counts can also be dismissed for a failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Discussion:**

**A. With the voluntary withdrawal of Plaintiff's 42 U.S.C. Section 1983 claims, this Court lacks subject matter jurisdiction to hear Plaintiff's remaining claims.**

Currently, the plaintiff is an inmate in the United States Prison, Canaan located in Waymart, Pennsylvania. At the time of his conviction he was a resident of the District of Columbia. Indeed, his criminal trial was conducted in the Superior Court for the District of Columbia, and he was held in the District of Columbia Jail. Plaintiff is merely being housed outside of the District of Columbia. A prisoner does not acquire a new domicile when he or she is incarcerated in a different state; instead, he or she maintains his or her pre-

incarceration domicile.  O'Brien v. Schweiker, 563 F. Supp. 301, 302 (E.D.Pa.1983); see also Bontkowski v. Smith, 305 F.3d 757, 763 (7th Cir.2002) (where the prisoner made no allegations as to his own citizenship in the pleadings, the prisoner was a citizen of the state where he resided prior to incarceration on the premise that "incarceration in a state does not make one a citizen of that state"); Sullivan v. Freeman, 944 F.2d 334, 337 (7th Cir.1991) (determining the prisoner's domicile to be Virginia, the state in which he lived before he was incarcerated); Gatto v. Macmillan, No. Civ. A. 96-2910, 1996 WL 526854, at *1 (E.D.Pa.1996) (prisoner was a citizen of New Jersey, where he resided before being sent to prison, not Pennsylvania, where he was incarcerated); Tiuman v. Canant, 1994 WL 471517 (S.D. N. Y.1994) (an inmate's domicile prior to incarceration remains his domicile for diversity purposes).  Plaintiff, though presently incarcerate in federal prison in Pennsylvania, nonetheless remains a citizen and resident of the District of Columbia.

Rosstead, the only remaining defendant, is also a resident of the District of Columbia.  Thus, no diversity exists between any parties to this case. The federal court system, therefore, lacks jurisdiction to hear plaintiff's state law claims and those claims must be dismissed.

**B. The Motion to Dismiss Must be Granted as the Defendant's Complaint Fails to Sufficiently Put Mr. Rosstead on Notice of the Claims against Him.**

The only issue on review of a dismissal made pursuant to Rule 12(b)(6) is the legal sufficiency of the complaint.  Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir 2002).  The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic, Corp. v. Twobly, 127 S.Ct. 1955, 1965 (2007).

Even under this liberal standard, it is necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a

3

recovery under some viable legal theory. District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1082 n.14 (citing, In re Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981)). Furthermore, a court's duty to construe a *pro se* complaint liberally does not permit it to uphold completely inadequate complaints. Bean v. United States, 2008 WL 696613, *3 (D.D.C. March 16, 2008) (dismissing pro se plaintiff's second amended complaint with prejudice).

Here, the pro se plaintiff's Third Complaint fails to properly notify Mr. Rosstead of the actions or statements he made or stated that would make him liable to the plaintiff. Moreover, throughout his Third Complaint, the plaintiff makes legal allegations regarding the defendant's acts but fails to clearly set forth the theory(ies) of liability upon which his claims is based. For instance, the plaintiff alleges "[m]y photo was distributed by Paul Rosstead who is responsible for stating to the news media/ news papers in Washington D.C. and abroad. I was misidentified to the public as a thief causing people to stare at me; and caused concerns that forced me to be on the run for those mistaken charges." **Complaint, p. 3, ¶1.**

Such unclear and indefinite allegations fail to provide the defendant with sufficient information to put him on notice of the claim against him. Aktieselskabet v. Fame Jeans, Inc. 511 F.Supp.2d 1, 18 (D.D.C. 2007). Hence, pursuant to the Federal Rules of Civil Procedure, the plaintiff's Third Complaint must be dismissed.

### C. The Claims included in this Complaint have already been dismissed with prejudice and violate the Prison Litigation Reform Act.

Because the Superior Court for the District of Columbia has twice dismissed complaints filed by the plaintiff on identical facts, plaintiff is barred from litigating the same facts now in a different venue. The facts and theories included in the Third Complaint are the same facts, legal theories and damages and are filed against this same defendant who

4

was also named in both the First and Second Complaints, both of which were dismissed with prejudice.

The PLRA states that a court "shall dismiss the case at any time if the Court determines that … the action of appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B(i-ii).  The plaintiff already has had identical claims dismissed by the Superior Court of the District of Columbia for failure to state a claim, as well as had dismissed two other claims in this Court based on the same or similar allegations.  Plaintiff has done nothing to cure the deficiencies in his original filings, and therefore, they are again properly dismissed at this point.

Moreover, in instances of repetitive, duplicative and frivolous filings, the Court is permitted to award the defendants their costs incurred as a result of the plaintiff's misuse of process.  28 U.S.C. §1915(f)(1).  Such an award is proper in this case.

As part of the PLRA, Mr. Ceasar completed a questionnaire with his current Complaint.   The first question he answered (Section II, Question A.  asks, "[h]ave you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action."  Plaintiff clearly marked "No" in response.  Plaintiff previously made the same misrepresentation on his Second Complaint.  Plaintiff has twice now misrepresented to the Court that he has not filed a case with the same or similar facts.  Contrary to this representation and his past representations in the other filings, plaintiff has filed the following Complaints, all of which have been dismissed, in addition to the present case:

1. DC Superior Court:  Case No.: 2007 CA 000171 B
2. DC Superior Court:  Case No. 2007 CA 002362 B
3. USDC DC: Case No. 1:06CV01404
4. USDC DC Case No. 1:06CV01506

5

Mr. Ceasar has knowingly and consistently misrepresented facts to the court. As a result, he should be sanctioned with dismissal, and this court should note that the dismissal is in part due to the harassing and repeated abuse of process for the purposes of the PLRA.

The PLRA contains a "three strikes" provision that is intended to prevent abuse of the court system by incarcerated individuals. The "three strikes" provision provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The plaintiff here has filed frivolous, and often incoherent, complaints no fewer than five times. Pursuant to the PLRA, the Court is required to dismiss the current action, as the plaintiff has made no allegation that he is under the threat of imminent danger of serious physical harm that would permit him to utilize the saving provision of the PLRA.

**D. Plaintiff's Motion to Stay or Dismiss should be denied and his claims dismissed with prejudice.**

On April 11, 2008, Plaintiff filed a Motion captioned, in relevant part, "Motion to Stay or Dismiss" requesting that the Court either dismiss his claim without prejudice or stay the case entirely until the plaintiff's expected release date, currently scheduled, at least according to plaintiff, in "mid-2010". As stated above, plaintiff has already been given multiple opportunities to try and articulate a cognizable claim against the defendant. Despite these opportunities, he has failed to do so. Granting plaintiff an additional two years to maintain a claim that has already been dismissed multiple times, serves neither justice nor judicially economy. Furthermore, the defects in plaintiff's claims, as outlined

6

above, will not be changed by staying the present case or dismissing it without prejudice. Plaintiff's claims are ripe for decision now and should be dismissed with prejudice.

**CONCLUSION**

For the aforementioned reasons, the Defendant, Paul Rosstead, requests this Court to grant his Motion to Dismiss the plaintiff's Complaint and note in the order that the matter is dismissed for failure to state a claim and for its harassing purposes. The Defendant requests that the order provide that, due to plaintiff's filing of frivolous and harassing complaints, the plaintiff be responsible for the defendant's costs expended herein, pursuant to the Prison Litigation Reform Act of 1995.

Dated: May ___, 2008

Respectfully Submitted,

/s/      Brian A. Cafritz
Brian A. Cafritz (D.C. Bar No. 456687)
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300
(804) 320-6312 (fax)
Brian.Cafritz@kpmlaw.com

***Counsel for Defendant, Paul Rosstead***

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above Memorandum in Support of Defendant Paul Rosstead's Motion to Dismiss was mailed, first class, postage pre-paid, this 1st day of May, 2008 to:

Maurice Ceasar
Allenwood Medium- F.C.I.
R# 09747-007 A-1 Unit
PO Box 2000
White Deer, PA 17887


                                                 /s/     Brian A. Cafritz