UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAURICE CEASAR : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No.   08-350RJL |
| : | |
| PAUL ROSSTEAD, : | |
| : | |
| Defendant. : | |
| _____ : | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW the Defendant, Paul Rosstead ("Rosstead" or "Defendant'), by and through counsel and as a reply to Plaintiff's Response to Defendant's Motion to Dismiss states the following:

Plaintiff Maurice Ceasar ("Ceasar" or "Plaintiff"), in his response to Rosstead's Motion to Dismiss, does nothing to refute the assertion that Plaintiff lacks the necessary diversity to maintain the present suit.  Ceasar makes only two passing and obtuse references to his residency status, neither of which is sufficient to permit him to maintain the current cause of action in the present court.  Consequently, the current Complaint must be dismissed with prejudice, as there is no remaining federal count and there is no diversity of jurisdiction.

In support of his position that his claim should not be dismissed, Ceasar makes only two references to his residency.  Ceasar first states that, he "is not in [sic] jurisdiction of the District of Columbia, as a resident and Pro Se litigant. . . ." *Motion to Respond to Defendant's Motion to Dismiss Amended Complaint and (Now) Plaintiff Request to Withdraw/and Refile after 2010 for Representation Purposes* (hereinafter,

"Plaintiff's Response", at p. 2.  Second, Ceasar alleges that his has been "displaced and deprived to ever live a normal life in the District of Columbia (per) Paul Rosstead Libel and Slanders."  *Plaintiff's Response*, at p. 3.

As best it can be understood, Plaintiff's first statement seems to suggest that because he is incarcerated outside of the District of Columbia, he is not a resident and therefore diversity exists.  Federal case law consistently holds that the location of federal inmate has no bearing on residency for purposes of establishing diversity; rather the inmate's domicile prior to incarceration is determinative.  O'Brien v. Schweiker, 563 F. Supp. 301, 302 (E.D.Pa.1983); see also Bontkowski v. Smith, 305 F.3d 757, 763 (7th Cir.2002) (where the prisoner made no allegations as to his own citizenship in the pleadings, the prisoner was a citizen of the state where he resided prior to incarceration on the premise that "incarceration in a state does not make one a citizen of that state"); Sullivan v. Freeman, 944 F.2d 334, 337 (7th Cir.1991) (determining the prisoner's domicile to be Virginia, the state in which he lived before he was incarcerated); Gatto v. Macmillan, No. Civ. A. 96-2910, 1996 WL 526854, at *1 (E.D.Pa.1996) (prisoner was a citizen of New Jersey, where he resided before being sent to prison, not Pennsylvania, where he was incarcerated); and Tiuman v. Canant, 1994 WL 471517 (S.D. N. Y.1994) (an inmate's domicile prior to incarceration remains his domicile for diversity purposes). The fact that Plaintiff is currently housed in Pennsylvania has no bearing on the Court's determination of diversity for purposes of his maintaining the present lawsuit.

Plaintiff's second statement appears to be an admission that prior to his incarceration, he was a resident of the District of Columbia.  He claims that the allegedly libelous and/or slanderous statements deprived him of the opportunity to have a normal

2

existence in "the District of Columbia." *Plaintiff's Response*, at p. 3.  The most logical interpretation of this statement is that the Plaintiff was living in the District of Columbia when the facts giving rise to this case occurred.  That he may have been homeless at that time does not eliminate his status as a resident of the District of Columbia.  Otherwise his statement regarding the alleged deprivation makes little sense.  The Plaintiff and the Defendant are both residents of the District of Columbia.  The Court, therefore, lacking jurisdiction has no option but to dismiss the present suit.

Though not squarely addressed in Plaintiff's Response, the Order from the Superior Court for the District of Columbia notes, in dicta, the potential applicability of D.C. Code Section 12-302(A)(3), which tolls the statute of limitations for inmates.  See *Plaintiff's Response*, Exh. 1, Order Denying Motion to Reinstate Case, But Without Prejudice to Plaintiff Filing a New Complaint, fn.2.  The Code Section states, "when a person entitled to maintain an action, is at the time the right of action accrues (1) under 18 years of age; or (2) noncompos mentis; or (3) imprisoned he or his proper representative may bring action within the time limited after the disability is removed." District of Columbia Code Section 12-302(A).  This is inapplicable to the present case because the Plaintiff was not imprisoned at the time he alleges the Defendant first made any offending statements.

The Code provides that the statute of limitations is tolled if the litigant is imprisoned at the time the action accrues.  D.C. Code Section 12-302(A)(3).  It is well-settled that claims of libel accrue at the time the allegedly offending material is published.  See e.g., Mullin v. Washington Free Weekly, Inc., 785 A.2d 296, 299 (D.C. 2001); Colbert v. Georgetown University, 641 A.2d 469, 472 (D.C. 1994)(en banc).

Plaintiff identifies the allegedly offending statements as having been published on April 17 and 24, 2006 and June 4 and 5, 2006, by various media outlets that are not parties to the present litigation.  See Complaint, p. 10, par. 3, a copy of which is attached hereto as **Exh. A**.

To help make sense of the applicable timeline, a brief recitation of the plaintiff's history of incarceration is warranted.  Plaintiff was convicted of three counts of assault and battery with intent to commit robbery in the Superior Court for the District of Columbia on August 15, 1983.  See Memorandum Opinion, Case 07-1191, p.2, United States District Court for the District of Columbia, Friedman, J, a copy of which is attached hereto as **Exh. B**.  At some point he was paroled, but later returned to custody for violating the terms of his release.  Id.  He was later paroled again.  Id.  On or about October 24, 2005, Plaintiff was transferred to the Baltimore Residential Re-Entry Center.  Id.  Plaintiff, however, walked away from the facility on November 11, 2005, and was placed on escape status.  Id.  On May 10, 2006 he was arrested for the crimes against the Defendant and his employer, Calvary Baptist Church.  He was released the same day.  On May 17, 2006 Plaintiff was arrested and "the United States Parole Commission violation from which he escaped on November 11, 2005, commenced upon his return to federal custody.  Id.  On January 11, 2007, Plaintiff was convicted of the crimes against Mr. Rosstead and his employer, the accusation of which Plaintiff claims is either libelous or slanderous, in the Superior Court of the District of Columbia and sentenced to forty-eight months of incarceration.  Id.

This demonstrates that, at a minimum, Plaintiff was not incarcerated on either April 17 or 24, 2006, the time he alleges Mr. Rosstead made certain offending

representations to various media outlets. The statute of limitations cannot be tolled pursuant to D.C. Code Section 12-302(A)(3), as Plaintiff was not imprisoned, though he was admittedly on "escape" status from the United States Parole Commission, at the time he alleges Mr. Rosstead made certain of the allegedly offending statements.

Consequently, Plaintiff's Motion for a Stay or Dismissal Without Prejudice should be denied and his Complaint should be dismissed with prejudice for the reasons stated herein as well as those reasons stated it Defendant's Motion to Dismiss and Opposition to Motion to Stay and the supporting Memorandum filed with this Court on May 1, 2008.

Dated: July ____, 2008

Respectfully Submitted,

/s/     Brian A. Cafritz
Brian A. Cafritz (D.C. Bar No. 456687)
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300
(804) 320-6312 (fax)
Brian.Cafritz@kpmlaw.com

**Counsel for Defendant, Paul Rosstead**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true copy of the above Motion to Remand was mailed, first class, postage pre-paid, this 15th day of July, 2008 to:

Maurice Ceasar
Allenwood Medium- F.C.I.
R# 09747-007 A-1 Unit
PO Box 2000
White Deer, PA 17887


       /s/  Brian A. Cafritz