## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MAURICE CEASAR,                          :
                                         :
                    Plaintiff,           :
                                         :
        v.                               :        Civil Action No. 08-0350 (RJL)
                                         :
PAUL ROSSTEAD,                           :
                                         :
                    Defendant.           :

## <u>MEMORANDUM OPINION</u>

For the reasons set forth below, the Court will dismiss this civil action.

### I.  BACKGROUND

Plaintiff alleges that, in April 2006, defendant Paul Rosstead spoke to and shared

information with the Metropolitan Police Department and with local print and broadcast media

outlets implicating plaintiff in a string of thefts from downtown churches. *See* Compl. at 9-12.

Plaintiff attributes his arrest and current incarceration to Mr. Rosstead's actions. *See id.* at 10.

Notwithstanding his original intention to bring this action against Mr. Rosstead "for his role in

having [plaintiff's] constitutional civil rights to be violated by the News Media, U.S.

ATTORNEY's Office (Spokesperson) and other Sources of the Publishing Companies," Amd.

Compl. at 1, it appears that plaintiff instead pursues only common law tort claims for "Invasion

of Privacy / Deprivation of privacy, and Defamation of Character," which "caused under False

Light to have the Public panic by untrue News reports." *Id.* He demands damages of $1 million.

Compl. at 2.

## II. DISCUSSION[1]

### A. *Defendant's Motion to Dismiss*

Defendant moves to dismiss this action for lack of subject matter jurisdiction. *See* Paul Rosstead's Memorandum of Points and Authorities in Support of his Motion to Dismiss and Opposition to motion to Stay ("Def.'s Mot.") at 2-3. With the filing of the amended complaint, defendant argues that plaintiff has abandoned the constitutional claims over which this Court has original jurisdiction, leaving diversity as the only possible basis for this Court's jurisdiction. *See id.* at 2. Defendant represents that he is a resident of the District of Columbia, *id.* at 3, and argues that, because both parties are citizens of the District of Columbia, plaintiff fails to establish diversity jurisdiction. *Id.* at 2-3.

### 1. Diversity Jurisdiction

Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

---

[1]    Defendant also moves for dismissal on the ground that plaintiff's pleading "fails to properly notify Mr. Rosstead of the actions or statements he made or stated that would make him liable to the plaintiff." Def.'s Mot. at 4. Notwithstanding the rambling allegations and disorganized presentation of plaintiff's complaint, as amended, it is sufficient to put defendant on notice of the claims against him. Defendant is no more successful in achieving dismissal on the ground that plaintiff violates the Prison Litigation Reform Act's "three strikes" provision, *see* 28 U.S.C. § 1915(g). *See id.* 4-5. The Court identifies only two civil actions which qualify as "strikes" for purposes of the PLRA. *See Ceasar v. CBS Headquarters Co.*, No. 06-2140 (PLF), 2008 WL 313146, at *2 (D.D.C. Feb. 4, 2008) (dismissing without prejudice for failure to state a civil rights claim upon which relief can be granted and dismissing defamation claim without prejudice pursuant to 28 U.S.C. § 1367(c)(3)); *Ceasar v. Fed. Bureau of Prisons*, 532 F. Supp. 2d 1, 3 (D.D.C. 2008) (dismissing action on the ground that fails to state a claim upon which relief can be granted). Without question, plaintiff's claims are duplicative of those raised in civil actions both in this federal district court and in the Superior Court of the District of Columbia. However, the filings in this Court are not so repetitive or abusive that sanctions against plaintiff are warranted at this time.

. . . citizens of different States." 28 U.S.C. § 1332(a).  The Court accepts plaintiff's representation that the matter in controversy exceeds $75,000 in value.

Generally, it is presumed that a prisoner remains "a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state. " *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) (citing *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir.1991)); *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002) ("[I]ncarceration in a state does not make one a citizen of that state."); *Sanchez v. Sanchez*, No. 01-2239, 2002 WL 123701, at *1 (10th Cir. Jan. 31, 2002) (affirming district court's conclusion that plaintiff was a citizen of New Mexico, notwithstanding his incarceration at LaTuna which is located partially in New Mexico and partially in Texas, because he resided in New Mexico prior to his incarceration); *Johnson v. O'Banion*, No. 86-2864, 1987 WL 8723 (D.D.C. Mar. 12, 1987) (dismissing for lack of diversity jurisdiction legal malpractice action brought against District of Columbia defendant by prisoner who was resident of the District of Columbia prior to his incarceration in Kentucky); *see also Chapa v. Ingram*, No. 04-50336, 2004 WL 2428683, at *1 (per curiam) (5th Cir. Oct. 29, 2004) (affirming dismissal of civil action where plaintiff asserted in conclusory fashion that he would reside outside of Texas upon release from prison because conclusory assertions on this issue were insufficient to rebut the presumption that prisoner was a citizen of Texas).  It appears that plaintiff resided in the District of Columbia prior to his incarceration, and finds himself in Pennsylvania only because the Federal Bureau of Prisons designated him to a correctional facility in Pennsylvania.  He represents that he is "Homeless and indigent while in Prison and once Released[] [he has] to go to a Shelter [or] Residential Treatment Program." Motion to Respond [to] Defendant's [M]otion to Dismiss Amended

3

Complaint And (Now) Plainntiff [sic] Request to Withdraw [] and Refile After 2010 for

Representation Purposes [#23] at 2.  It is not clear from plaintiff's representations that he intends

to remain in Pennsylvania after his release.  Rather, it appears that he is claiming residency in

Pennsylvania for the purpose of establishing diversity jurisdiction.  *See id.*

On the current record, the Court cannot conclude that plaintiff establishes diversity

jurisdiction.

## 2. Subject Matter Jurisdiction

Plaintiff's initial complaint raised civil rights claims over which federal district courts

have original jurisdiction.  *See* 28 U.S.C. § 1331.  "[I]n any civil action of which the district

courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all

other claims that are so related to claims in the action within such original jurisdiction that they

form part of the same case or controversy." 28 U.S.C. § 1367(a).  However, district courts "may

decline to exercise supplemental jurisdiction over a claim under subsection (a) if [it] has

dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  "The

exercise of supplemental jurisdiction remains discretionary on the part of a federal court, but '[i]n

the usual case in which all federal-law claims are dismissed before trial, the balance of factors to

be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness,

and comity – will point toward declining to exercise jurisdiction over the remaining state law

claims.'" *Robinson-Reeder v. Am. Council on Educ.*, 532 F. Supp. 2d 6, 18 (D.D.C. 2008)

(quoting *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005) (quoting *Carnegie-Mellon

Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *Edmondson & Gallagher v. Alban Towers

Tenants Ass'n*, 48 F.3d 1260, 1266 (D.C. Cir. 1995) (noting that judicial economy and

convenience at the motion to dismiss stage do not favor the federal court exercising supplemental jurisdiction over remaining state law claims following dismissal of the federal claims).

The Court declines to exercise supplemental jurisdiction over plaintiff's common law claims. This matter has advanced only as far as a motion to dismiss, and neither party is inclined to proceed. Further, because plaintiff has brought these same common law claims against Mr. Rosstead in the Superior Court of the District of Columbia, *see* Def.'s Mot., Ex. A, D (respectively, Complaint and Dismissal Order, Case No. 2007 CA 0171 B); *id.*, Ex. E-F (respectively, Complaint and Dismissal Order, Case No. 2007 CA 006944-B), it is likely that any further attempt to relitigate these claims likely is barred.[2] *See U.S. Indus., Inc. v. Blake Const. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (noting that, generally, a plaintiff must "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence"). Here, considerations of judicial economy, convenience and fairness militate against further consideration of plaintiff's claims in any forum.[3]

---

[2]     Defendant's exhibits are attached to his Roseboro Notice [Dkt. #8].

[3]     For these same reasons, the Court will deny plaintiff's Request to Withdraw [] and Refile After 2010 for Representation Purposes [Dkt. #23].

### III.  CONCLUSION

The Court concludes that it lacks subject matter jurisdiction over plaintiff's common law

tort claims against Mr. Rosstead.  Accordingly, Mr. Rosstead's motion to dismiss will be

granted, and plaintiff's motion to withdraw and refile this action after his release from

incarceration will be denied.  An Order is issued separately.

RICHARD J. LEON
United States District Judge

Date: